GEORGE C. CROWTHER v. L. R. ELLIOTT.

1. PRACTICE—*Exceptions—Waiver.* Alleged errors in the progress of a trial not excepted to, are deemed to be waived, and will not be considered in this court.

2. PLEADING—*Petition.* If the petition contains the averments necessary to inform the defendant of the claim against him and the relief demanded, although stated in an awkward and unskillful manner, it must be held to be good on demurrer.

*Error from Riley District Court.*

CROWTHER sued *Elliott,* and alleged in his petition that on the 27th of June, 1868, the parties entered into a written contract, in and by which plaintiff agreed to sell to defendant all plaintiff's interest in the " Kansas Radical" newspaper establishment, for $100, payment to be made and possession given on the 8th of August following; also, a stock of paper and ink, for $64.71, to be paid at same time ; that until said August 8th, plaintiff should continue in charge of said newspaper, and give it his personal management and attention, for which services *Elliott* was to pay plaintiff $25 per week.   Plaintiff alleged that he had " performed his part of the contract," and had remained in charge of said establishment as business manager, etc., until Sept. 12th, 1868, and he demanded judgment for said sums, and interest, and $25 per week for his services from June 27th to Sept. 12th.   Defendant answered, making a general denial.   The case was tried at the June Term, 1869, before a jury, and after the testimony was all in, defendant, on leave, filed a demurrer to the petition, alleging that said petition did not state facts sufficient to constitute a cause of action.  The court sustained the demurrer, and gave judgment for defendant for costs.   The plaintiff excepted, and now brings the case here by petition in error.

*A. H. Case,* for plaintiff in error:

1. The record shows that this was a trial by jury, the evidence all in, and all parties rested. Afterwards the defendant filed a demurrer which the court sustained. A demurrer cannot be filed at such a stage of the case. 2 Kas., 70., 347.

The defendant had rested; there was then no necessity for further proceedings on the part of counsel or court; the case was with the jur)    ., 275, code, prescribes the order of the trial.

2. The petition states a cause of action. The contract was made a part of it. 1 Kas., 102, 116; 4 Kas., 211.

3. If the petition was indefinite and uncertain, defendant waived that by going to trial. 3 Kas., 372, 389.

*Martin, Burns & Case,* for defendant in error:

1. Did the court below err in allowing the defendant to interpose his demurrer at the time and under the circumstances as set forth in the record? There are two grounds of demurrer that are never waived: 1st, the jurisdiction of the court; 2d, that the petition does not state facts sufficient to constitute a cause of action. § 91, civil code.

And in this case the objection was not made to *hearing* the demurrer, but only to the *decision* upon it.

2. Did the court err in sustaining the demurrer? The petition sets up a written contract, and alleges that the same was continued (without stating how or by whom) until the 12th of September, and that plaintiff performed all the conditions of said contract, and then claims that defendant is indebted to plaintiff in the several sums as mentioned; but there is no allegation that plaintiff's in-

terest in the newspaper, or the stock of paper, ink, etc., was ever turned over by plaintiff to or received by defendant. Certainly, then, as to those two items theie is not "facts stated sufficient to constitute a cause of action." There is no allegation in the petition that plaintiff "continued in the charge of the business," or performed any service whatever, except the general allegation that "he duly performed all the conditions of said contract on his part." These allegations do not constitute a cause of action.

2. The action of the court below was equivalent to an instruction to the jury to return a verdict for the defendant, for want of proof to support a cause of action; and the plaintiff in error has failed to preserve the evidence given in the case, and from which this court might have determined whether the court below was right or wrong in its judgment.

The opinion of the court was delivered by

KINGMAN, C. J.: The record in this case presents a somewhat novel course of proceedings. It appears from

1. Practice; exception; waiver.

it that a jury was empanneled and sworn, evidence submitted, and "the parties rested the case," at which point in the proceedings the defendant demurred on the ground that the petition did not state facts that constituted a cause of action, which demurrer was argued and sustained, to "which ruling of the court, in sustaining the demurrer," plaintiff excepted. There is no exception to the filing of the demurrer, or to its hearing; so that much of the brief of plaintiff in error is wasted, as those errors not excepted to are deemed waived.

Does the petition state a cause of action? We think

it does, very awkwardly and inartistically certainly, but we cannot be mistaken in the fact that the defendant was made aware of just what the plaintiff complained of, and the relief he sought. "The court must tolerate modes of statement unsuited to orderly arrangement; the use of words unaptly applied; "involved sentences, lacking simplicity, and logical accuracy," if from the whole petition the nature of the charge can be ascertained. We find no difficulty in doing so in this case. The contract is made a part of the petition, and is not difficult of construction. The plaintiff says he has duly performed all the conditions imposed upon him by the contract, and specifies wherein the defendant has broken his. "In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." Civil Code, § 115. The petition construed by this section must be held good, and the judgment reversed, and the cause sent back for further proceedings.

All the Justices concurring.