ASAPH E. PARK v. WILLIAM P. TINKHAM.
BYRON SHERRY v. JOHN FRAZIER.

1. TAX DEED — *When Void.* A tax deed, founded upon a tax sale not made
   at the time or place prescribed by law, is void.

2. PLEADINGS; *Sufficiency; Petition; Demurrer.* If a petition states a cause
   of action at all, the petition must be held good when demurred to on the
   ground "that it does not state facts sufficient to constitute a cause of
   action," however general its statements of the facts may be.

*Error from Marshall District Court.*

TWO ACTIONS—one brought by *Park* against *Tinkham*, the
other by *Sherry* against *Frazier*. In each action the plaintiff

therein claimed to be "the legal owner, in fee simple," of certain lands in Marshall county; and the object of the action was to set aside and annul "a pretended deed of conveyance, known as a tax deed," under and in virtue of which the defendant claimed to own and be entitled to the plaintiff's land. The petition alleged that said pretended tax deed was "a cloud upon the title of the plaintiff," and prayed judgment that the said tax deed "may be set aside and held for naught," etc. Other features of the petition are stated in the opinion. In each case the defendant demurred to the petition "for that it does not state facts sufficient to constitute a cause of action." The cases were heard at the April Term 1871 of the district court, and said court sustained the demurrer, and judgments were rendered against the plaintiffs for costs. New trials refused, and the plaintiffs respectively brought their cases here by petition in error, and they were heard and decided together.

*A. L. Williams,* for plaintiffs in error:

The two cases are exactly alike, and are therefore presented together. The actions are brought under §§ 116, 118, 119, of the Tax Law of 1868, p. 1057. The petitions state facts sufficient to constitute causes of action. They set out the making of tax deeds to the defendants from the county clerk, and assign fifteen reasons why the tax sale and deeds are void. Any one of said errors or irregularities would avoid the sale. As to the errors in said tax proceedings, see the Tax Law of 1866, ch. 118, Laws of 1866, (under which said proceedings were taken,) §§ 25, 26, 58, 59, 66, 67, 68, 76, 89; and the Tax Law of 1868, p. 1055.

The fourth ground assigned in the petition is, "That said lots were not sold for taxes at the time and place required by law." And the 14th ground assigned is, in substance that the tax deed was not executed by the proper officer, nor in the manner and form provided by law. These matters are admitted by the demurrer—and they are fatal to the validity of the tax deed.

The opinion of the court was delivered by

VALENTINE, J.: These two cases involve precisely the same questions, and will therefore be considered together. For convenience however we shall hereafter speak of the two cases as though they were only one, as what we say of one is equally applicable to both.

This action was brought to set aside a tax deed. A demurrer was filed to the petition. The court sustained the demurrer. The plaintiff then brought the case to this court. The petition is very long, complicated in its statements of facts, inartistically drawn, difficult to be understood, and it is not strange that the court below sustained the demurrer thereto. The tax deed is alleged to be void for fifteen different reasons, numbered consecutively from one to fifteen in the petition. Many of these reasons include statements of facts which are entirely immaterial, as, for instance, that "the tax deed is void because the county clerk did not charge the county treasurer with the amount of all the taxes." Many of these reasons include simply conclusions from facts, and not the facts themselves, as, for instance, it is alleged that the tax deed is void because "The tax deed marked exhibit 'A' is insufficient, informal, and not in accordance with law." This is all of the fifth reason as it is given in the petition. And each of many of these reasons includes many statements of facts, and conclusions from facts, some material, and others immaterial, but all so connected by copulative conjunctions that the allegations of the petition, with reference to them, are, that the deed is void because of all these facts and conclusions from facts in the aggregate, and not because of any one or more of them taken separately or singly. Each of these several reasons just mentioned alleges substantially that the assessor, (or the county clerk, or the treasurer, as the case might be,) *did not do all of several separate and distinct things*, required of him by law, mentioning said things in detail, some of which things were material and some of them not material. Such an allegation is defective

and worthless.   If the assessor, (or the county clerk, or the treasurer, as the case might be,) did not do any one of said several separate and distinct things, of course he did not do all of them, and that one which he omitted to do may have been a very immaterial thing.   Hence, the allegation could be strictly and literally true, and yet the assessor, or the county clerk, or the treasurer, respectively, might have performed everything that was material or necessary for him to perform in order to make a good tax deed.   Illustrations of this mode of pleading may be found in nearly all the reasons given.   We think however the court below erred in sustaining said demurrer.   We shall take the fourth reason given, for the purpose of showing it, because said reason is the shortest, and because it is as material, and as well pleaded as any of the others, and more so than the most of the others. It reads as follows: "4th.–Said lots were not sold for taxes at the time and place required by law."   Now if the lots were not sold at the time or place required by law, of course the tax deed founded on such sale must necessarily be void. Of course, it must be admitted that this fact is not very well pleaded, but we think it is sufficiently pleaded to be good on general demurrer.   If the defendant was not satisfied with this statement of facts he might have required a more specific and definite statement thereof, by a motion to have the petition in this respect made more definite and certain.   Of course, the defendant had a right to know, from a specific allegation in the petition, whether the plaintiff claimed that the treasurer did not sell said property at the county-seat, or whether he claimed that the place where the treasurer did sell the property was not the county-seat, (a mere county-seat question,) or whether he claimed that the treasurer did not sell at his office, or at the place where he advertised to sell, etc.   The defendant also had a right to know from a specific allegation in the petition whether plaintiff claimed that the treasurer sold said property prior to the first Tuesday of May, or after the adjournment of the tax sale, at the time to be held, or at some other time not designated by law.   In fact, the petition

should have stated specifically (if insisted on in the proper way by the defendant,) the time when, and the place where, said property was sold, (and not merely the time when and the place where it was not sold,) and all the facts connected with the sale, so that a precise and specific issue could have been made up by the pleadings. Such is the better mode of pleading; and such is the mode that must prevail when properly insisted on by the adverse party. When true and specific issues are made up by the pleadings, the parties may know in advance, and before a trial, just what they will have to prove, and what they will have to disprove. But a party, in order to have the facts stated specifically, must raise the question in a proper way. He must do it by motion, and not by a general demurrer. If a petition states a cause of action at all, the petition must be held good when demurred to on the ground "that it does not state facts sufficient to constitute a cause of action," however general its statement of the facts may be. A party is not bound, as a rule, to divide up a general fact into its smaller and constituent facts, and state only the smaller and constituent facts instead of the general facts, unless he is ordered to do so by the court. And then the extent of the divisions, or the minuteness of the details, in stating the facts, is governed very much by the sound judicial discretion of the court trying the cause. But a court can never entirely ignore a fact, or the statement thereof, because it is a broad and comprehensive fact including many smaller and minor facts.

It will be proper for us to here state that no question of the statute of limitations is involved in this case. The tax deed in controversy was not executed or recorded two years prior to the commencement of this action.

The judgments in these two cases, and the orders of the court below in sustaining the demurrers to the petitions, are reversed, and the causes remanded for further proceedings in accordance with the foregoing opinion, and as may be proper in each case respectively.

All the Justices concurring.