ARLIE E. BOWERSOX *et al.* v. J. W. HALL & CO., *a Partnership.*

No. 14,480.    (84 Pac. 557.)

SYLLABUS BY THE COURT.

1. PETITION—*General Demurrer—Liberal Construction.*   When a general demurrer is filed to a petition, and no motion to make it more definite and certain is offered, the petition should be liberally construed, with a view to promote justice, and the demurrer overruled if the facts stated, when all are taken as true, constitute a cause of action, whether well pleaded or not.

2. CONTRACTS — *Forfeiture — Recovery of Money from Agent.*   The petition in this case examined and found sufficient.

Error from Republic district court; HUGH ALEXANDER, judge.   Opinion filed February 10, 1906.   Reversed.

*John C. Hogin,* for plaintiffs in error.

*Hugh Alexander,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: The defendants are real-estate brokers, and reside at Belleville, Kan.   The plaintiffs own real estate in Republic county.   They employed defendants to sell their land, agreeing to pay them $100 if they would make the sale as stipulated in the contract.

Defendants found a buyer, with whom they entered

into a written contract of sale materially different from the one authorized by the plaintiffs, but the contract was made subject to the plaintiffs' approval. The buyer paid $100 cash on the contract, which sum was to be returned if the sale was not approved by the plaintiffs, and to be forfeited if the conditions of the contract were complied with on the part of the owners of the land and the buyer failed to carry out the stipulations on his part. Afterward plaintiffs claimed that the $100 had become forfeited, and demanded payment thereof from Hall & Co., who refused, and this action was brought to recover that sum.

A general demurrer was sustained to the plaintiffs' petition, which ruling is assigned as error in this court. The petition, so far as necessary to show the question raised by the demurrer, reads as follows:

"That on the 22d day of August, 1902, . . . the plaintiffs . . . entered into a contract in writing with the said J. W. Hall & Co. to sell the farm of the said plaintiffs. The said contract is as follows: [This contract, being immaterial, is omitted.] . . .

"Plaintiffs state that thereafter, the exact date they are unable to give, the said defendants, J. W. Hall & Co., entered into a contract to sell the land heretofore described, which contract is as follows:

" 'Received of George W. Hart, town of Colfax, county of Jasper, state of Iowa, one hundred dollars, the same being a part of the purchase-money on the following-described real estate, situated in the county of Republic and state of Kansas, to wit: S. 2 of S. W. 4 and N. E. 4 of S. W. 4 and S. 2 of N. W. 4 of S. W. 4 of sec. 22, T. 1, R. 2.

" 'Contract price for same being $3700. Balance of purchase-money payable as follows, to wit: First, on the 10th day of February, 1903, $1750. Second, balance is to be a mortgage covering this land at six per cent. . . .

" 'An abstract to be furnished, showing title as represented—that is, clear of all encumbrances, and no clouds on the title; also a good and sufficient warranty deed to be given upon the above terms being complied with—that is,

" 'Providing, however, in case title is not as above

represented, the part purchase-money here paid shall be refunded to said George W. Hart; but in case title is as represented, and said George W. Hart fails to comply with the terms as above stated, then the money here paid shall be forfeited, and this contract shall be null and void; in case title is not good or of any failure of Bowersox to accept this contract, it is understood that J. W. Hall & Co. will not be held responsible for any damages.                      ————————, *Owner.*

By J. W. HALL & Co., *Agents.*

" 'The above sale, price and terms approved, and I hereby agree and bind myself to carry out my part of the same.                      GEORGE W. HART.'

"Plaintiffs say that after the execution of the above contract, but the exact date plaintiffs cannot give, they were notified by J. W. Hall & Co. of the execution of the above contract with said George W. Hart, and at the request of J. W. Hall & Co. the plaintiffs executed a warranty deed to the said George W. Hart for the premises described in said contract, to wit: The south half of the southwest quarter, the northeast quarter of the southwest quarter and the south half of the northwest quarter of the southwest quarter of section twenty-two (22), in township one (1) south, of range two (2) west of the sixth principal meridian, in Republic county, Kansas, free and clear of all encumbrances, and deposited the same, together with an abstract of title to said land, with the said J. W. Hall & Co.

"Plaintiffs say that no part of the contract entered into for them, by the defendants, J. W. Hall & Co., with the said George W. Hart, has been carried out; that no payments thereon were ever made by said George W. Hart, or any one for him, other than the one hundred dollars preliminary payment mentioned in said contract; and that the said contract by its terms is null and void.

"Plaintiffs further say that no part of the one hundred dollars paid by George W. Hart to J. W. Hall & Co. on the contract above set forth has ever been paid to them; that they have made repeated demands upon the said J. W. Hall & Co. for the said sum of one hundred dollars; that the same is now due and unpaid and has been due them from defendants, J. W. Hall & Co., from and since the 10th day of February, A. D. 1903.

"Wherefore, plaintiffs pray judgment against the

defendants, J. W. Hall & Co., for the sum of one hundred dollars, with interest thereon from the 10th day of February, A. D. 1903, at the rate of six per cent. per annum, and for the costs of this suit, and for such other and further relief as shall seem just and equitable to the court."

It is claimed that this petition does not show that plaintiffs complied with the requirements of the contract made for them by Hall & Co., in that it fails to allege that they furnished an abstract showing the title clear of all encumbrances, and no clouds thereon. There are other objections made to the petition, but we think this the most important and meritorious. Upon this subject the petition avers that plaintiffs, when informed by Hall & Co. of the transaction with George W. Hart, executed a warranty deed to the latter for the land, free and clear of all encumbrances, and deposited it and an abstract of title with Hall & Co. This is a weak statement, but under the liberal rule of construction that applies in favor of the pleader, as against a general demurrer, where no motion to make definite and certain has been filed, we deem it sufficient.

It is claimed that the agents, Hall & Co., have a lien on the fund for services rendered. If they have their rights in that respect should be presented in an answer. The contract fixing their fee at $100 was not complied with, and the amount to which they are entitled for what they have done is a reasonable sum, which might furnish a question for litigation. This is likewise true of the question whether or not the acts of Hart are sufficient to amount to a forfeiture. If not, the facts might be a good defense.

In overruling the demurrer we only decide that the averments of the petition, when considered in their broadest sense, state a cause of action. (*The Western Massachusetts Insurance Company v. Duffey,* 2 Kan. 347; *Stewart v. Balderston,* 10 Kan. 131, 147;

*Crowther v. Elliott,* 7 Kan. 235; *Park v. Tinkham,* 9 Kan. 615.)

The judgment of the district court is reversed, and the court directed to overrule the demurrer and proceed with the case.

JOHNSTON, C. J., GREENE, MASON, PORTER, JJ., concurring.

BURCH, J. (dissenting): I think the district court was correct in sustaining a demurrer to the plaintiffs' petition, and I do not think that weakness or indefiniteness of statement at all characterizes the pleading, as my very indulgent and charitable brethren say. The allegation referred to describes in sufficiently clear and vigorous phrase the deed which was executed and deposited, but nothing else. It simply uses the common expression, "warranty deed, . . . free and clear of all encumbrances," interpolating between the first two words and those that follow the name of the grantee and the description of the land.

In addition to the deed being a warranty deed it was necessary that it be "good and sufficient." A glance at the judicial interpretations of these words in volume 4 of Words and Phrases Judicially Defined, page 3109, will reveal their materiality. There is no allegation that the land was free and clear of all encumbrances, and there is no allegation that there were no clouds on the title. There is no allegation that the abstract deposited showed a title clear of all encumbrances and clouds. The contract contained a specific engagement that such an abstract would be furnished, and until that was done no right of recovery accrued to the plaintiffs.

The board of law examiners will be surprised and grieved to find the petition in this case printed in the reports of the decisions of this court as an approved precedent.

Mr. Justice SMITH authorizes me to say that he joins in this dissent.