## W. S. UPHAM v. ELIZABETH HEAD.

No. 14,515.    (85 Pac. 1017.)

SYLLABUS BY THE COURT.

1. PETITION—*General Demurrer—Liberal Construction.* Where a demurrer is filed to a petition on the ground that it does not state facts sufficient to constitute a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the statements of such petition will be liberally construed in favor of the pleader.

2. LANDLORD AND TENANT—*Repairs by Landlord—Notice of Defect.* A landlord who at the request of his tenant undertakes to repair defects existing upon the leased property, and employs and directs a mechanic to do the work, is chargeable with knowledge of the manner in which the work is done.

3. ——— *Injury to Tenant—Damages.* Where a landlord causes repairs to be made as above stated, and the work is negligently done, and the tenant, without fault on his part, is injured on account of such negligence, the landlord will be liable in damages therefor.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed June 9, 1906. Affirmed.

*J. H. Keith,* for plaintiff in error.

*G. R. Snelling, Ziegler & Dana,* and *Ayres & Welch,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error, W. S. Upham, owned a residence in the city of Coffeyville, which he rented to the defendant in error, Elizabeth Head. Soon after taking possession of the property Mrs. Head requested Upham to repair the covering or platform of the cistern. In compliance with this request Mr. Bledson was sent by Mr. Upham to the premises with instructions to "see what was needed and fix them up in good order." Bledson made the repairs desired. Soon

2—74 KAN.

afterward Mrs. Head fell through the covering into the cistern and thereby sustained serious injuries. Afterward she commenced this action to recover damages for the injuries so received. She recovered a judgment for $1690, and the defendant, being dissatisfied, brings the case here for review.

The first error assigned is the overruling of the defendant's demurrer to the plaintiff's petition. The petition alleged that the plaintiff was in possession of the premises, as tenant of the defendant, under a written lease for a term of six months, beginning February 5, 1903. Then follows the paragraph objected to, which reads:

"This plaintiff further alleges that on or about the 20th day of July, 1903, and while attending to her ordinary household duties, and while being and standing upon the platform or covering of the cistern on said above-described premises, she was, by the negligence of the said defendant, his agents, servants and employees, injured by being precipitated into the said cistern; that the covering on the said cistern had been so negligently constructed by the agents and servants of the said defendant that as this plaintiff stepped upon a board which formed a part of the covering of the said cistern, one end of which board had been nailed to pieces of wood or stringers across the said cistern while the other end of the said board was not nailed or fastened to anything, so that as the plaintiff stepped upon the said board the said board gave way, by reason of its not being nailed or fastened to the stringers or across pieces, and this plaintiff was thereupon and with great force thrown through the said hole in the covering of the said cistern, and through no fault or negligence on her part was violently thrown into the said cistern, and plaintiff was greatly injured thereby as follows, to wit," etc.

It is claimed that a landlord is not liable to a tenant for defects existing in the leased premises unless the defect is known to and concealed by him; that the statement in the petition that the covering on the cistern was negligently constructed refers to the original building of the cistern, which antedates the lease; and that

therefore an additional allegation of defendant's knowledge of the defect was essential, and, for want of this averment, the petition is subject to demurrer.

There was no motion filed to make the petition more definite and certain, and therefore its statements must be construed liberally in favor of the pleader. (*Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *The Western Massachusetts Insurance Company v. Duffey,* 2 Kan. 347; *Stewart v. Balderston,* 10 Kan. 131; *Crowther v. Elliott,* 7 Kan. 235; *Park v. Tinkham,* 9 Kan. 615; *La Harpe v. Greer, post.*) If the words "negligently constructed" refer to the original building of the cistern, as claimed by the defendant, then if such building was done negligently by the "agents and servants" of the defendant, as alleged, he would probably be held to have knowledge thereof when the injuries were sustained by the plaintiff, as every person is supposed to know as much about his own business as his agents and servants do. With this view of the petition, the demurrer was properly overruled.

This question, however, does not necessarily arise in this case, for under the liberal rule of construction above mentioned the court was justified in holding that the evidence offered was admissible even though the work done on the cistern was in a sense repairs, rather than original construction. It appears from the evidence that the work on the covering to the cistern occurred while plaintiff was in possession of the premises as a tenant of the defendant, and that the work was done under the direction of the defendant. It also appears that the covering was practically torn up and rebuilt or reconstructed, so that the difference between the meaning of the words constructed and repaired as applied to the work done is too slight to be seriously considered. Such a variance is not sufficient to constitute error. (Code, § 133; Gen. Stat. 1901, § 4567; *Planing-mill Co. v. Baker, post.*)

The defendant undertook to place the cistern in a sound and safe condition. He selected a person of his

own choice to do the work. When the work was completed this workman informed the plaintiff that the cover was all right and safe. In fact it was not safe, but dangerous. The boards of the cover were nailed at one end only, and when plaintiff stepped on the other end the board tipped up and let her into the cistern. The defendant was liable for the negligence of his employee. He was bound to take notice of what his employee did or omitted to do. The knowledge of the employee in such matters is the knowledge of the employer. (1 Thomp. Com. Law of Neg. § 1142; *Lasker Real-estate Ass'n v. Hatcher* [Tex. Civ. App.], 28 S. W. 404; *Lynch v. Ortleib & Co.* [Tex. Civ. App.], 28 S. W. 1017, affirmed in 87 Tex. 590, 30 S. W. 545; *H. & G. N. R. R. Co. v. Meador,* 50 Tex. 77; *Bernauer v. Hartman Steel Co.,* 33 Ill. App. 491; *Peerless Manfg. Co. v. Bagley,* 126 Mich. 225, 85 N. W. 568, 53 L. R. A. 285, 86 Am. St. Rep. 537; *Wertheimer v. Saunders and others,* 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146; *Gill v. Middleton,* 105 Mass. 477, 7 Am. Rep. 548; *Gregor v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466; *Hamilton et al., Executors, v. Feary,* 8 Ind. App. 615, 35 N. E. 48, 52 Am. St. Rep. 485.)

The question of contributory negligence is argued by the plaintiff in error, but the only averment upon this subject is that stock was permitted to run loose on the premises, and the cistern cover was broken thereby. No proof was given of this fact. It appears from the evidence that the plaintiff was present when the work was done by Bledson, and it is claimed that she must have known whether it was negligently done or not. But she appears to have relied upon the workman to do the work properly, and his failure sufficiently to nail the boards to the stringers was not an omission open to her casual observation. Bledson was not her servant and she had no control over him. The question of contributory negligence, therefore, need not be considered. No error appearing, the judgment is affirmed.

All the Justices concurring.