THE CITY OF LA HARPE v. JOSEPH J. GREER.

No. 14,618. (85 Pac. 1015.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Defective Sidewalk — Notice — Demurrer to Petition.* In an action against a city for damages resulting from a defective sidewalk a demurrer to the petition should be sustained when it fails to state that the city had notice of the alleged defect prior to the injuries of which the plaintiff complains.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed June 9, 1906. Reversed.

*W. D. Cope,* and *Campbell & Goshorn,* for plaintiff in error.

*J. B. Goshorn,* and *Travis Morse,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Allen county to recover damages for injuries resulting from a defective sidewalk in the city of La Harpe. The city demurred to the plaintiff's petition on the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and this ruling is assigned as error. It is claimed by the plaintiff in error that the petition does not aver that the city had notice of the alleged defect in the sidewalk prior to the injury of which the plaintiff complains. The defendant in error claims that this allegation is contained in the paragraph of the petition which reads:

"It was the duty of said city to keep the said sidewalks, streets, alleys and crossings in said city in good repair and in a safe condition for persons passing along and over said streets, sidewalks and crossings without injury, yet the said defendant, the city of La Harpe, disregarding its duty in that respect, by its servants and agents, did, on or about the 17th day of July, 1904, so negligently and carelessly keep and manage its public sidewalks and crossings in said city that the same became dangerous to life and safety of persons passing thereon; that on the evening of the 17th day of July, 1904, plaintiff was lawfully walking upon the public sidewalk on McKinley avenue in said city on his way home in the northeast part of said city, and not knowing that said sidewalk was defective, and without fault or negligence upon his part, and when so walking upon said sidewalk, plaintiff was tripped by a loose board upon said sidewalk and was thrown with his entire weight and great violence upon the heel of his left hand and wrist-joint, thereby bruising, breaking and lacerating the tissues of the wrist-joint of his left arm."

We are unable to find such an allegation in the petition. There does not appear to be any statement of fact which was intended by the pleader to cover this point. It was apparently overlooked. No motion to

make the petition more definite and certain was filed, and therefore the statements of the petition should be liberally construed in favor of the pleader. (*Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *The Western Massachusetts Insurance Company v. Duffey,* 2 Kan. 347; *Stewart v. Balderston,* 10 Kan. 147; *Crowther v. Elliott,* 7 Kan. 235; *Park v. Tinkham,* 9 Kan. 615.) But as no attempt was made to allege that the city had notice of the defect in the sidewalk before the injury occurred there is nothing to construe.

"To make a city liable for injuries resulting from a defect in a sidewalk it must appear, either that the city had notice of the defect or that it was a patent defect and had continued so long that notice might reasonably be inferred, or that the defect was one which with reasonable and proper care should have been ascertained and remedied." (*Jansen v. City of Atchison,* 16 Kan. 358, syllabus. See, also, *Riggs v. City of Florence,* 27 Kan. 194; *City of Emporia v. Schmidling,* 33 Kan. 485, 6 Pac. 893.)

The mere existence of a defect in a sidewalk does not constitute culpable negligence on the part of a city. Such negligence arises only when the city fails to repair the defect within a reasonable time after having notice thereof. The existence of such notice is therefore an important element in a cause of action against a city for damages resulting from a defective sidewalk, and must be alleged in the petition. For want of such averment the petition in this case is fatally defective.

The judgment of the district court is reversed, with instructions to sustain the demurrer to the petition and proceed with the case in accordance with the views herein expressed.

All the Justices concurring.