No. 18,932.

### J. L. ROBERTS, *Appellant,* v. W. H. PENDLETON, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Pleadings* —. *Conclusions of Fact* — *Demurrer.* The rule that conclusions of fact do not ordinarily render a pleading bad as against a demurrer, in the absence of a motion to make definite and certain, followed.

2. SAME—*Inferential Statements in Pleadings.* When instead of a clear and concise allegation of a certain defect it is averred that the defendant knew or should have known thereof, this implies that it must have existed; otherwise he could not have known of it.

3. SAME—*Petition Does Not Show Assumption of Risk.* A petition charging the defendant with negligently causing the plaintiff to work upon a defective and dangerous iron runway, resulting in his injury, describing the runway generally, but alleging that the plaintiff did not know it was defective or dangerous, and not showing how long he had worked upon it or who had placed it in position, does not show assumption of risk.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed July 7, 1914. Reversed.

*J. B. Wilson, B. V. Pardee, John J. Riling,* all of Lawrence, and *George L. Davis,* of Clay Center, for the appellant.

*S. D. Bishop,* and *W. B. Brownell,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover damages for an injury received while unloading a car of potatoes for the defendant. A demurrer to the petition was sustained and before the amended petition was filed the statute of limitation had run. To the amended petition and also to the second amended petition de-

murrers were sustained on the ground that the cause of action was barred. The question presented by the appeal is whether the original petition stated a cause of action.

Of course if facts sufficient to constitute a cause of action were stated, although in a manner to leave the pleading subject to motion to make certain and definite, it would still be susceptible to amendment. It was alleged that the defendant owned and operated a grain elevator and wholesale produce house, and that at and a long time before the injury it was his custom to unload cars of potatoes from such elevator over a runway consisting of an iron slab three and one-half feet in width, four feet in length and one-fourth of an inch thick, one end of which was placed on the platform and the other on the floor of the car, and sacks of potatoes placed on four-wheeled trucks were wheeled over such iron slab, and while engaged in the service of loading and unloading and while crossing upon this iron slab the plaintiff fell down between the car and platform, "caused by the said iron-slab runway slipping from the said car and platform, which said fall caused the lower left limb of plaintiff to be crushed, lacerated, and broken. . . . Plaintiff further states that it was the duty of defendant to provide plaintiff a safe place to work, free from danger and free from defects, and safe appliances and means suitable for the performance of the service required; and at the time of construction and arranging the said runway, to have provided and constructed the same in a safe manner and free from danger and defects. Plaintiff further states that the defendant well knew, or with the exercise of reasonable and ordinary care and diligence might have known, that the said runway was and had always been dangerous, unsafe and defective, and that said runway had never been caused to be made safe and free from dangers and defects; and also well knew, or with the exercise of reasonable and ordinary care

and diligence might have known, that the appliances and means furnished to plaintiff for the performance of his said services were and had always been dangerous, unsafe and defective.

"Plaintiff further states that he did not know that the said run-way was dangerous, defective and fraught with dangers, nor that it had been so from the time of its construction, nor that the said appliances and means provided for the performance of his services were dangerous, defective and unsafe, and had been so from the time of their construction and adoption by the defendant; but defendant, with knowledge as aforesaid, and under the aforesaid facts and circumstances, was grossly negligent in requiring, causing and placing plaintiff to work at the aforesaid run-way, which caused the plaintiff the aforesaid injuries to plaintiff's damage in the sum of Ten Thousand Dollars ($10,000.00)."

The defendant contends that this pleading contains no charge that he was negligent in any respect, and that the statement of duty to furnish a safe place to work is a mere conclusion of law; also that assumed risk is shown upon the face of this pleading, as it appears therefrom that the defects were as obvious to the plaintiff as to the defendant. The first question is whether the allegation of negligence was sufficient, if taken as true, to show a liability. The information the pleading upon its face imparts is that the runway was dangerous and defective, so that it slipped and fell and injured the plaintiff, and the inference naturally, if not necessarily, to be drawn is that it was thus dangerous and defective because not fastened as it should have been to the car and platform. At any rate, it charges the defendant with negligently causing the plaintiff to wheel truck loads of potatoes over a runway which he (defendant) knew, or should have known, was defective and dangerous, and which slipped and fell, causing plaintiff's

54—92 KAN.

injury. While such an inferential style of pleading facts is not commendable, still the rule has been repeatedly announced that as against a demurrer it may suffice. The same point in principle as the one here involved was so decided in *Neosho County v. Spearman,* 89 Kan. 106, 130 Pac. 677, citing previous decisions to like effect. See, also, *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017, and *Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557.

Instead of stating in a clear and concise manner that the defect existed, a poor equivalent was resorted to of averring that the defendant knew or should have known thereof—which, of course, would be impossible unless it existed—but this must be given its logical effect and not be deemed a mere roundabout inference that there was such a defect.

It is contended that from the allegations it appears that the plaintiff was as able to see or know the dangers incident to the use of the iron slab as was the defendant. But the express averment is made that the plaintiff did not know of the defect or danger, and there is nothing to show who placed the slab in position, how long the plaintiff had worked upon it, or what means he had of knowing whether or not it was fastened or provided with means to prevent its slipping. *Iron Works Co. v. Green,* 79 Kan. 588, 100 Pac. 482, relied on by the defendant, was a case in which the plaintiff's own evidence showed knowledge or means of knowledge not indicated by the allegations found here, and the same is true of several other decisions cited. Within the rule in the Upham and Bowersox cases, already referred to, the pleader did not in this respect state himself out of court.

A motion to make definite and certain would have been proper, which is the same as saying that the

Hammond v. Insurance Co.

pleading was amendable, and the amendments made in the subsequent pleadings were not such as to bar the action.

The judgment is therefore reversed and the cause remanded for further proceedings.