No. 19,434.

THE FARMERS & MERCHANTS NATIONAL BANK, *Appellee*, V. GEORGE I. GANN, *Appellant*.

SYLLABUS BY THE COURT.

CHATTEL-MORTGAGED PROPERTY—*Action for Conversion—Petition Stated Cause of Action—Sufficient Evidence to Sustain Judgment.* In an action for conversion of property claimed under a chattel mortgage the defendant was a stranger to the mortgage. The petition alleged that the plaintiff was entitled to the possession of the property at the time of the alleged conversion but failed to state that he was entitled to the immediate possession thereof, and also failed to allege that the mortgagor was the owner of the property. A copy of the mortgage attached to the petition showed that the mortgagor was the owner of the preperty. *Held:*

1. As against a demurrer and an objection to evidence the petition is sufficient to advise defendant of the nature of plaintiff's claim to the property, there being no motion to make the petition more definite and certain.

2. Where in such an action the plaintiff has recovered, and the attention of the court and counsel was not directly challenged to the defects in the petition by the demurrer, objection to testimony, or motion for a new trial, the petition will be regarded as amended after judgment.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1915. Affirmed.

*A. L. L. Hamilton, B. R. Leydig,* both of El Dorado, and *L. C. Gabbert,* of St. Joseph, Mo., for the appellant.

*C. A. Leland, K. M. Geddes,* and *R. B. Ralston,* all of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action for the conversion of a span of mules claimed under a chattel mortgage. The defendant is a stranger to the mortgage. The plaintiff recovered, and the defendant appeals.

The principal contention is that the petition is fatally defective, and the defendant sought to raise the objection by a demurrer to the petition, a motion for judgment on the statement of the case for the plaintiff, and an objection to the introduction of evidence. The petition is awkwardly drawn and contains no allegation that Phillips, the mortgagor, was the owner of the property; nor does it contain a statement that the plaintiff was entitled to the immediate possession of the property when the action was brought, or at the time of the alleged conversion. It set out a copy of a note secured by a chattel mortgage executed by C. C. Phillips, covering the property in controversy, and alleged that the mortgage was duly recorded. Copies of the note and mortgage were attached as exhibits to and made part of the petition. The mortgage contained the following recital:

"All the above described personal property is now owned by the party of the first part and is kept on Phillips farm in Chelsea Township, Butler County, Kansas, and that the same and every part thereof is free and clear from and of all incumbrances or claims of ownership on the part of any other person or persons."

The petition alleged that the defendant, on the — day of February, 1912, "wrongfully and without the knowledge or consent" of the plaintiff, removed the mules from Butler county and converted the same to his own use, and that the note has not been paid. It alleged that "by the terms of" the chattel mortgage "plaintiff was at the time of said conversion, and still is entitled to the possession of said mules."

The defendant relies largely on the case of *Kennett v. Peters,* 54 Kan. 119, 37 Pac. 999, but we think it is not controlling for several reasons. It is true it was ruled in that case:

"A petition for the conversion of personal property must allege, if the plaintiff was not in possession at the time of conversion, that 'he was entitled to the immediate possession of the property.' " (Syl. ¶ 3.)

In that case, however, the petition alleged a general ownership of the property in the plaintiff, and it was held that a chattel mortgage permitting the property to remain in the possession of the mortgagor until default is not evidence to sustain an allegation of general ownership, and that in an action for the conversion of personal property, if the plaintiff is not the absolute owner of the property he must set forth in the petition his special ownership. Moreover, the plaintiff in that case failed to recover, and it was well said in the opinion:

"If a verdict had been rendered for the plaintiff, we might have permitted the petition to be amended to conform to the facts proved." (p. 123.)

It was also said in the opinion:

"The attention of the district court and counsel was directly called to the defects in the petition and to the incompetency of the evidence, according to the record now before us. No amendments were made to the petition and no request was made therefor. Under all the circumstances, the judgment of the district court will be affirmed." (p. 123.)

In the present case the plaintiff recovered, and it can hardly be said that the attention of the court and counsel was directly called to the defect in the petition. If attention to the defect had been challenged in the argument on the demurrer, doubtless the plaintiff would have taken leave to amend by the formal averment that plaintiff was entitled to the immediate possession of the property, etc. If, on the motion for a new trial,

attention had been called to the matter, the plaintiff would doubtless have asked to amend, and the court would have been justified in permitting the amendment.

It will be observed that the petition contains an allegation that by the terms of the chattel mortgage the "plaintiff was at the time of said conversion, and still is entitled to the possession of said mules." As against a demurrer to the petition, or an objection to the introduction of testimony, where there has been no motion to require the petition to be made more definite and certain, it would be enforcing a very technical rule to hold that the omission of the word "immediate" is fatal.

"When a general demurrer is filed to a petition, and no motion to make it more definite and certain is offered, the petition should be liberally construed, with a view to promote justice, and the demurrer overruled if the facts stated, when all are taken as true, constitute a cause of action, whether well pleaded or not." (*Bowersox v. Hall,* 73 Kan. 99, syl. ¶ 1, 84 Pac. 557.)

See, also, *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017, and cases cited in those opinions.

Aided by rather liberal construction the petition in this case sets out the facts creating the plaintiff's lien or special ownership and the facts which under the law entitled him to possession. It certainly advised the defendant of the nature of plaintiff's claim to the property so that the defendant could intelligently make his defense. This is substantially all that is required.

"A petition in replevin, or for conversion, ought to advise the defendant of the nature of the plaintiff's claim to the property, to the end that he can intelligently defend." (*Kennett v. Peters,* 54 Kan. 119, 122, 37 Pac. 999.)

There was a demurrer to the evidence and a request for a peremptory instruction to find for the defendant. The court ruled adversely on all these matters and also overruled a motion for a new trial. It is true that

The State v. Dreiling.

there was no direct evidence that Phillips, the mortgagor, owned the property, but there were some circumstances proved which tended to establish his ownership. A witness testified to having frequently seen on the Phillips farm a team of mules answering the description of those in the chattel mortgage. They were being used by Cornwell who lived on the Phillips farm. There was also testimony that a span of mules answering the description was brought by Cornwell and the defendant to the station and shipped from the state.

We think the evidence was sufficient as against a demurrer, and therefore the judgment will be affirmed.