No. 21,980.

E. D. BALMER, *Appellant*, v. E. R. LONG and N. E. OSBORN,
Partners, etc., *Appellees*.

### SYLLABUS BY THE COURT.

1. SALE—*Book Accounts—Statute of Limitations—Moral Obligations.*
Book accounts which are barred by the statute of limitations are not
legal, but are moral, obligations.

2. SAME. Such accounts are not "good" if barred.

3. PLEADINGS—*Petition to be Liberally Construed.* As against a general
demurrer—no motion having been filed to make definite and certain—
a petition should be liberally construed.

Appeal from Rooks district court; CHARLES I. SPARKS,
judge. Opinion filed March 8, 1919. Reversed.

*W. B. Ham,* of Stockton, for the appellant.

*O. O. Osborn,* of Stockton, *Robert Stone, George T. Mc-
Dermott,* and *H. O. Caster,* all of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff bought of the defendants a stock of
goods including "all book accounts now on books, and all notes,
at one hundred cents on the dollar." Upon coming into posses-
sion he found that several hundred dollars' worth of the ac-
counts were barred by the statute of limitations when pur-
chased by him, and brought this action to recover the amount
thereof. He alleged that as an inducement to sign the con-
tract the defendants stated that $150 to $200 might be slow
to collect, but all of them were good, and if not paid he could
"come back on defendants for repayment of such uncollectible
accounts." It was alleged that accounts aggregating $595.15
were barred and were void, did not constitute enforceable
claims and were of no value, and that the money paid for them
was without consideration. There was no allegation that any
attempt had been made to collect, but it was averred that re-
payment had been demanded of the defendants and had been
refused. The trial court sustained a demurrer to the petition,
and the plaintiff appeals.

Of course, there was a legal defense, but is it to be presumed

Balmer v. Long.

that the debtor would avail himself thereof? When accounts are sold as good, can they be treated as bad, and the seller held liable without any attempt to collect? The plaintiff in his brief says:

"The petition in substance alleges that plaintiff did not know the accounts . . . were barred . . . and the defendants did not reveal to plaintiff the fact that the accounts were barred. The petition in effect charges that defendants failed to deliver to plaintiff $595.15 of the accounts they promised to sell and for which accounts not delivered plaintiff paid $595.15."

An account not barred is a legal obligation. A barred account is merely a moral obligation. (17 R. C. L. 666, § 4.) When an account is represented to be good, this should be held to mean a legal, rather than a mere moral, obligation—one collectible at least by legal process. (20 Cyc. 1256; Anderson's Dictionary of Law, 489; Black's Law Dictionary, 543; 14 A. & E. Encycl. of L., 2d ed., 1079; 1 Rapalje and Lawrence's Law Dictionary, 571.)

While the petition might well be construed to charge a verbal warranty not shown in the contract and hence at variance therewith, it requires no wresting of words from their reasonable meaning to regard it as charging representations fraudulently made to induce the plaintiff to sign a contract for the sale of the property including the accounts. One allegation is "That in fact said defendant . . . wrongfully and fraudulently deceived plaintiff as to the amount of valid accounts," and another is that the money paid for them was paid by the plaintiff "because of said false and fraudulent representations and deceptions so made and practiced upon him."

The rule of pleading now quite well established is that in the absence of a motion to make definite and certain, a petition, as against a general demurrer, should be liberally construed. (*Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017; *The State v. Addison,* 76 Kan. 699, 704, 92 Pac. 581; *Bank v. Gann,* 95 Kan. 237, 148 Pac. 249.)

The judgment is reversed and the cause remanded for further proceedings.