No. 31,035.

Winfield Downey, *Appellee*, v. G. E. Phillips, *Appellant*.

(20 P. 2d 453.)

Opinion filed April 8, 1933.

*Archie A. Bryan,* of Paola, for the appellant.

*Karl V. Shawver,* of Paola, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages growing out of an oil and gas lease and operations thereunder. To the petition filed the defendant demurred, for the reason that the petition did not state a cause of action. The demurrer was overruled, and the defendant appeals. The petition alleges the ownership of lands and the execution of an oil and gas lease and contains the following allegations:

"That this plaintiff has never received any proceeds from the sale of any oil or gas from said premises and no oil or gas was produced from said premises. That on the 20th day of February, 1932, a notice was served upon the defendant as required by section 55-201 of the Revised Statutes of Kansas for 1923. . . .

"That along in the fall following the execution of the lease, the exact date being unknown, this plaintiff requested of the defendant to bury his pipe lines below plow depth, which he at all times failed and neglected so to do, to the damage of plaintiff in the sum of $50. That it was stipulated in said lease that upon request by the lessors he should so bury said pipe lines. That the request above referred to was oral. . . .

"The lease further provided that no oil or residue or slush should be allowed to drain or flow into any stream of water, ruining the same for stock purposes. That a year ago last fall, the exact date being unknown, plaintiff was com-

pelled to haul water because oil and slush were allowed to run from the wells and tanks of the defendant contrary to the provision just hereinbefore recited.

"That the defendant failed and neglected to release the oil and gas lease in accord with the notice herein referred to, a copy of the notice being hereto attached, marked "exhibit B" and by this reference made a part hereof. That he was compelled to and did employ an attorney to negotiate with the defendant and write letters, and such attorney did prevail upon defendant on or about the 2d day of May, 1932, to cancel said lease of record. However, it was then necessary to further require of plaintiff's attorney, at his own expense, that he cause the defendant to remove a concrete block or base for the engine and a steel tank and otherwise clean up the lease, and thereupon when required to remove these portions of his property from the lease defendant blasted the concrete out, left rocks all over the ground. Boards with nails therein were thrown over the ground, and further entreaties were required by plaintiff's attorney to get the ground cleaned up, and in the meantime, at a time after the service of the notice aforesaid, which date is unknown, but at a time when the power house was torn down by the defendant, which time is known to him, a large rusty nail sticking through a board out in the field where the power house had been torn down was suffered to be left in the pasture where plaintiff's mules and other stock were, and by reason of such careless and neglectful conduct of the defendant the mule of plaintiff stepped on the nail and has been useless since. That said mule was reasonably worth $125. That he is not worth to exceed $50 now.

"That on the north side of the ditch on half of this fifteen-acre piece the plaintiff was compelled to, during the spring, in order to get in oats, move the pipe and rods on the north side of the ditch and was entirely deprived of seven or eight acres on the south side of the ditch to the damage of the plaintiff for the loss of the use of said ground in the sum of $100.

"That because of hauling water a year ago last fall as herein recited plaintiff has been damaged in the sum of $60 for a tank of water hauled each day for the period of two months.

"That there were three wells drilled on this property and for the past three years defendant has permitted to accumulate around the wells salt water, oil refuse and other chemicals of like nature which exuded from the said holes around and upon the surface of the ground and which escaped upon the ground and flowed away from the immediate vicinity of such wells.

"That around each one of these wells there is a portion of ground about forty feet square which has been ruined for cultivation because of the violation of law above described, to the damage of this plaintiff in the sum of $25.

"That because of the failure of defendant to release said lease, as required by the laws of the state of Kansas above referred to, he was compelled to employ an attorney to accomplish that result in the sum of $100.

"That where the pipes were dug up and partially refilled ditches left the same has been caused to wash by failure to properly fill the same and have left ditches across plaintiff's field, more particularly the 15 acres above described, to the damage of this plaintiff in the sum of $40."

The prayer is for damages in the sum of $400.

Appellant's brief is largely an argument that the statements of

the petition refute each other and are contradictory, that certain of the matters alleged would not entitle plaintiff to recover, and that certain others pertain to matters outside the lease, and concludes:

"The petition is so badly pleaded that it would be utterly impossible to make answer thereto, even after motion to strike had there been one filed, the petition as a whole is so inconsistent that a motion to strike or make more definite and certain would leave the defendant unable to answer," etc.

The petition can hardly be said to be a statement of the facts constituting the cause of action in ordinary and concise language and without repetition as required by the code (R. S. 60-704), but no motion was filed against it. We shall not attempt to say how many causes of action were attempted to be stated, for improper joinder of causes of action was not made part of the demurrer.

It was held in *Crowther v. Elliott*, 7 Kan. 235, that a petition containing the necessary allegations to advise the defendant of the claim against him and of the relief demanded was good on demurrer although stated in an awkward and unskillful manner. And it has been repeatedly held that where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such petition will be liberally construed in favor of the pleader. (*Crowther v. Elliott,* supra; *Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017; *LaHarpe v. Greer,* 74 Kan. 74, 85 Pac. 1015; *Johnson v. Brown,* 74 Kan. 346, 86 Pac. 503; *Blair v. Mc-Quary,* 100 Kan. 203, 164 Pac. 262; *Bissey v. City of Marion,* 104 Kan. 315, 178 Pac. 611; *Balmer v. Long,* 104 Kan. 408, 179 Pac. 371; *Mergen v. Railroad Co.,* 104 Kan. 811, 180 Pac. 736; *Hebrlee v. Hawley,* 112 Kan. 398, 211 Pac. 129; *Barner v. Lane,* 126 Kan. 173, 267 Pac. 1003.) And it has likewise been held that inconsistent allegations do not make a petition demurrable. (*Bichel v. Oliver,* 77 Kan. 696, 95 Pac. 396; *Fetzer v. Williams,* 80 Kan. 554, 103 Pac. 77.)

Tested under the above rulings, the petition stated a cause of action—in fact, it did more; it stated several causes of action, *i. e.,* (*a*) on account of failure to bury pipes, (*b*) on account of injury to a mule, (*c*) on account of salt water and oil refuse, and perhaps others.

The judgment of the lower court overruling the demurrer is affirmed.