No. 31,992

C. R. Lewis, *Appellee,* v. J. N. Hunter, *Appellant.*

(39 P. 2d 344)

Opinion filed January 26, 1935.

*Joe W. Moss* and *T. S. Salathiel,* both of Independence, for the appellant.

*T. H. Stanford* and *Frank Clampitt,* both of Independence, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover for personal services, and the principal point of contention is whether the contract was in writing and enforceable under the statute of frauds.

The petition alleged that defendant was in possession of certain described real estate, was engaged in farming, raising and handling livestock and especially sheep; that on August 28, 1929, he stated to plaintiff there was money in sheep and he would like to employ plaintiff for five years and have him go upon the farm and look

after and care for the sheep and other livestock, and that they then orally agreed upon the terms of employment, which included a straight monthly salary, a percentage of sales, living quarters for the plaintiff and use of wood and pasturage by plaintiff, it not being necessary to set out the details; that said contract was at once reduced to writing in duplicate, both copies being given to plaintiff, who took them home, where he read them over and signed them and the next morning delivered them to defendant when he met him on the street in Independence, and that defendant stated he would sign the contracts and return a copy to plaintiff; that defendant failed to do so; that plaintiff requested compliance, but defendant would make excuse that he had forgotten the contracts and finally denied that any contract had been made; that at the time the contract was made plaintiff went upon the lands and took charge of the sheep and fully performed his contract until sometime in January, 1931, when the defendant, without any just cause or excuse, stated to plaintiff that the contract would expire March 1, 1931, and at said later date defendant compelled plaintiff to leave the premises. Plaintiff's claimed damages were alleged, including salary for the portion of the five-year period remaining after March 1, 1931. He also alleged that after that date and up to commencement of suit he had been able to earn certain amounts, for which credit was given, and he asked judgment for the balance. To this petition defendant filed an answer containing a general demurrer, but without having it heard, he filed an amended answer, complete in detail, in which the demurrer was omitted. The amended answer was a general denial qualified by certain admissions, and contained an allegation withdrawing some admissions made in the original answer. He denied making the contract alleged and claimed the contract as alleged was unenforceable under the statute of frauds. He also alleged his own version of the contract, and that he owed plaintiff $35, and offered to confess judgment therefor. On the same day, by separate pleading filed, he offered to allow judgment to be taken against him for $41. With the pleadings as above set forth, the cause was heard by a jury. Plaintiff's opening statement gave his version of the facts, and with reference to the contract, it was stated that defendant told plaintiff:

"Well, sir, I will tell you. I signed them up all right, and took up one and laid it on my desk where I could have it handy, and something happened, I went down there to get them and forgot it again, but I will give it to you, I will give it to you."

Defendant moved for judgment on the opening statement and the allegations of the petition, which motion was denied, and then objected to the introduction of evidence for the stated reason the suit was upon an oral contract unenforceable under the statute of frauds. The objection was overruled. A further objection was made to introduction of evidence on the ground the petition did not state facts sufficient to constitute a cause of action, and it was overruled.

It is not necessary to review the evidence offered further than to say that plaintiff testified that he took the two contracts to his home and signed them and delivered them to defendant, who said he would take them to his office and sign and bring plaintiff a copy in the morning, and the next morning plaintiff asked for it and defendant said he had signed it and left it lying on his desk and had forgotten to bring it out. It should here be noted that a few days before trial plaintiff made written demand on defendant for permission to inspect and make a copy of the alleged contract. The demand was never complied with. Plaintiff testified that after trouble arose, defendant stated "this is all the contract I know about" and laid down a piece of paper with some writing on it. Plaintiff produced this paper and it was admitted in evidence as Exhibit A over defendant's objection that it was unsigned and not the contract sued on. At the conclusion of plaintiff's evidence, defendant demurred, his demurrer was overruled, and he then rested his case without submission of evidence. The court submitted the matter to the jury, which returned a verdict in favor of plaintiff and answered special questions. Defendant's motions for judgment notwithstanding the verdict and for a new trial were denied, and he appeals, and his specifications of error will be discussed.

Although plaintiff's petition may have been subject to motion to make more definite and certain the allegation with respect to defendant's execution of the contract alleged, no such motion was filed. It does not appear the demurrer to the petition was ever presented, but if it was, giving the petition an interpretation favorable to the pleader, as must be done where no motion has been filed, it was sufficient. (*Downey v. Phillips,* 137 Kan. 362, 20 P. 2d 453, and cases cited.) After plaintiff's opening statement had been made, the question of defendant's execution of the contract, so far as pleading and statement of proposed proof was concerned, was such that for plaintiff to recover he had to adduce proof the defendant had signed the written contract. Such being true, there was no issue as to

whether the contract was oral or written. The plaintiff had declared on a written contract, and that he had to prove before he could recover. The court, therefore, properly denied defendant's motion for judgment on the pleadings and opening statements as well as his objection to the introduction of evidence.

Plaintiff's petition alleged the defendant had the written contracts and his proof showed it. It also showed that when the disagreement arose defendant produced the unsigned document, referred to as Exhibit A, and left it with plaintiff. It is significant that this memorandum left by defendant with the plaintiff shows substantially the contract alleged by plaintiff. Whether the particular document was one of the original agreements, and was not signed by defendant, or was a memorandum from which the contract was prepared, or whether defendant signed the agreement alleged by plaintiff, were questions to be resolved by the jury. We do not believe the admission in evidence of Exhibit A was erroneous.

We have examined the instructions complained of and find there is no basis for the complaint.

The general verdict resolved all questions of fact in favor of plaintiff. The jury, in answer to special questions, found the agreement was reduced in writing in duplicate; that the plaintiff signed both copies and returned them to defendant; that the defendant then stated he would sign the contracts and deliver a copy to plaintiff; that the term of the contract was for five years, and that defendant owed plaintiff salary in the amount of $658. These answers are not inconsistent with each other or the general verdict, and the court's ruling on the motion for judgment notwithstanding the general verdict was correct.

Most of appellant's contentions hinge on his contention that the plaintiff had alleged an oral contract, which is not correct. The plaintiff alleged and proved a written contract. It is true he could not produce it, but he stated what it was and what he did under it. Defendant saw fit to let the matter go to the jury without offering any proof or explanation of his own. The fact the jury returned a verdict in plaintiff's favor, under the circumstances, was to be expected. Essentially, this was a fact case and nothing else, and the verdict should be upheld unless prejudicial error has been made to appear, and that has not been done.

The judgment of the lower court is affirmed.