No. 22,350.

POWELL KLOSS, *Appellee,* v. BROTHERHOOD OF AMERICAN YEOMEN, *Appellant.*

### SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Uncle and Nephew are "Blood Relatives"*—*Member May Designate His Uncle as Beneficiary.* An uncle and nephew are blood relatives, and under the act providing for the organization and regulation of fraternal beneficiary societies a member of a beneficiary association may designate his uncle as a beneficiary in a certificate of insurance and thereby vest him with the right to the death benefits provided for in the certificate.

2. TRIAL — *Affidavits for Continuance — Treated as Depositions.* The affidavits filed in support of a motion for continuance having been read and treated as a deposition, no error was committed in denying the motion.

3. TRIAL—*Evidence—Instructions.* Objections to rulings on evidence and to instructions are held to be without materiality.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 6, 1919. Affirmed.

*R. A. Kope,* of Kansas City, and *W. W. Bryant,* of Kansas City, Mo., for the appellant.

*David F. Carson, William K. Ward,* and *C. C. Glandon,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Powell Kloss to recover the sum of $1,000 upon a benefit certificate issued by the defendant, the Brotherhood of American Yeomen, in

which the plaintiff was named as beneficiary. He recovered a judgment for $826.35 against the defendant, and a reversal of the judgment is sought in this appeal.

The principal contention is that plaintiff's relationship to the insured was not such. as entitled him to the benefit provided for in the certificate. The question is raised on a ruling made on a demurrer to plaintiff's petition, in which it was alleged that plaintiff, who was named as beneficiary in the certificate, was an uncle of the insured. The certificate on which the action was brought recited that the plaintiff was an uncle of the insured member, and it appeared without dispute that the insured, John Kloss, was the son of a brother of the plaintiff, Powell Kloss. The statute under which the defendant was organized and authorized to collect dues, premiums and assessments provided that benefits should be paid "to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member thereof," etc. (Gen. Stat. 1915, § 5401.) It is hardly open to contention that a blood relationship exists between an uncle and nephew. They are descended from a common ancestor, are near kin in blood, and an uncle of a member is clearly within the field from which a beneficiary may be chosen. (*Howe v. Howe,* 94 Kan. 67, 145 Pac. 873; *Cronin v. Vermont· Life Insurance Co.,* 20 R. I. 570; 8 C. J. 1128; 1 Bacon on Benefit Societies and Life Insurance, 3d ed., 621.)

The legislative view as to consanguinity is indicated to some extent by a provision of our law relating to marriage, to the effect that all marriages between uncles and nieces, and aunts and nephews, shall be deemed to be incestuous and absolutely void. (Gen. Stat. 1915, § 6135.) Another statute provides that persons within the degrees of consanguinity who shall intermarry or commit adultery or fornication with each other, shall be guilty of a felony, and upon conviction shall be punished by confinement and hard labor not exceeding seven years. In a prosecution under these statutes, it was held that the kinship of a man and the daughter of his half-brother was close enough to come within the prohibition of the statute. (*The State v. Reedy,* 44 Kan. 190, 24 Pac. 66.) Cases are cited by defendant which relate to insurance contracts of the wagering kind, but these can have no application here. The legislature has determined the classes who have an in-

Kloss v. American Yeomen.

surable interest in the life of members of a fraternal insurance company, and has declared that they may be designated as beneficiaries. There can be no question that those related to the member by ties of blood as close as uncle and nephew can be named.

Defendant complains of a ruling denying a motion for a continuance. It was based on the absence of two witnesses who were overseas in the military service. This was the second application for a continuance to obtain this testimony. It is doubtful if due diligence was shown to obtain the testimony; but however that may be, it appears that the court permitted the affidavits for continuance to be read and treated as the deposition of the absent witnesses. Under these circumstances the refusal of the continuance was not error. (Civ. Code, § 315, Gen. Stat. 1915, § 7217.)

A number of objections are made to rulings on the admission of testimony, but we find nothing material in them. Some of the excluded testimony was subsequently admitted, some was subject to the objection that the questions were leading, and others called for testimony that was incompetent.

Complaint is made that not all of the affidavit for continuance was permitted to be read to the jury. It was treated as a deposition, and certain parts of it that were mere conclusions were excluded, but all that was of an evidential character was admitted.

There are some criticisms of the instructions given to the jury, but we find nothing substantial or erroneous in them.

The judgment is affirmed.