No. 23,764.

THE DELPHOS MILLING COMPANY, *Appellee,* v. C. E. JACKSON, *Appellant.*

SYLLABUS BY THE COURT.

1. ACTION ON ACCOUNT—*Pleadings—Verification of Answer—Reply.* The civil code (§ 104) authorizes the filing of a reply when the answer contains new matter. In an action on a verified account an answer was filed consisting of a general denial and a plea of payment, to which plaintiff filed a reply consisting of a general denial. *Held,* that the reply traversed only the plea of payment.

2. SAME—*No Waiver of Verification of Answer—Burden of Proof.* On the trial plaintiff insisted that the burden was upon the defendant. The court held that plaintiff must show that it was a corporation. Plaintiff offered evidence on that issue alone and rested. *Held,* that by filing a reply traversing only the plea of payment and by offering evidence upon the one issue as required by the court, plaintiff did not waive verification of the answer.

3. SAME—*Sufficient Verification of Petition and Account Sued Upon.* The petition alleged that plaintiff purchased merchandise at certain times and at prices set forth and alleged in plaintiff's exhibit A, which was part of the petition, and which consisted of a statement of the account verified by the president of the plaintiff company, stating that he had read the petition and the statement of the account, and that "all statements and items therein are just, true and correct." *Held,* that while the language of the petition was not aptly chosen, nevertheless, in determining its effect the allegations must be liberally construed with a view to substantial justice between the parties (Civ. Code, § 117), and that so construed the petition and the correctness of the account are sufficiently verified.

Appeal from Osborne district court; W. R. MITCHELL, judge. Opinion filed June 10, 1922. Affirmed.

*J. L. Travers,* and *Edgar C. Bennett,* both of Osborne, for the appellant.

*N. C. Else, J. F. Tillman,* both of Osborne, *Omer D. Smith,* and *David Ritchie,* both of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The Delphos Milling Company sued the defendant upon an account. The petition alleged that the defendant purchased merchandise from the plaintiff at different times and in different amounts and at the prices set forth in exhibit A, attached to the petition, which was a verified, itemized statement of the account between plaintiff and defendant, and that after giving the defendant

Milling Co. v. Jackson.

credit for all payments, set-offs and counterclaims to which he was
entitled there was due and owing on the account a certain sum with
interest at six per cent, as shown on exhibit A. The exhibit consisted
of an itemized statement of the account with numerous items, credits,
and charges, and was verified by the president of the plaintiff com-
pany, who stated that he had read the petition and examined the
statement of account, "and knows the petition and statement of
account and all statements and items therein are just, true and
correct and there remains due plaintiffs from the defendants the
sum of $1,436.42."

The answer was a general denial with a plea of payment, to
which the plaintiff filed a reply consisting of a general denial.

On the trial, after counsel for the parties had made their opening
statements, counsel for the plaintiff suggested that the burden was
on the defendant. The court, however, held that although the
answer was not verified, the burden was on the plaintiff for the
reason that the petition failed to allege the corporate existence of
plaintiff, and for that reason defendant could not admit it, and held
that the burden of proof was on the plaintiff. Plaintiff then intro-
duced evidence to show that it is a corporation, and rested. The
defendant demurred to the evidence on the ground that it failed to
prove any cause of action. Plaintiff's counsel asked opposing coun-
sel to point out under the pleadings wherein the evidence had failed,
whereupon defendant's counsel said, "because there is no allegation
contained in the petition as to the correctness of this account." The
court overruled the demurrer and also a motion to direct a verdict
for the defendant, and upon the defendant electing to stand upon
the demurrer and motion, the court rendered judgment as prayed
for in the petition. The defendant appeals and insists that the
court erred in these rulings and in overruling the motion for a new
trial.

In the briefs of the defendant it is said that two material ques-
tions are presented: First, did not plaintiff, by filing a reply and
proceeding to trial without questioning the sufficiency of the answer
waive verification of the answer? Upon this proposition defendant
cites *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075, and *Livingston
v. Lewis,* 109 Kan. 298, 198 Pac. 952. In the first case cited it was
held that although section 110 of the civil code requires that the
answer to a petition in an action founded upon a written instrument
for the unconditional payment of money should be verified, the

verification is waived when the plaintiff joins issue on the answer, introduces evidence contradicting such defense and asks instructions covering his theory of the law pertaining thereto. In the case at bar plaintiff did not proceed to trial without questioning the sufficiency of the answer. It insisted that the burden was on the defendant because the answer was unverified. The court erroneously, we think, held that it was necessary for plaintiff to offer proof that it was a corporation. Plaintiff acquiesced in the ruling and offered evidence upon that issue alone. We think it was of no importance whether plaintiff was a corporation or not. From the opening statements of counsel it appears that the defendant dealt with plaintiff as the Delphos Milling Company, a corporation, and could not be heard to say or urge as a defense that plaintiff was not a corporation.

In the second case cited it is held that if plaintiff reply to the unverified answer and go to trial on the issues of fact and introduces his evidence thereon, he cannot complain that the court tried out and determined the question of the alleged partnership on the evidence presented. Here, however, plaintiff's reply was a general denial, which went, not to any part of the answer requiring verification, but to that part pleading payment.

The code does not provide for the filing of a reply except where new matter is alleged. The only traversible thing in the answer was the plea of payment. In other words, the answer admitted the correctness of the account, but alleged payment. The reply traversed the plea of payment. On the trial plaintiff offered no evidence in support of the reply, and insisted that the burden on that issue was upon the defendant, which was true. On one immaterial matter the court held the burden to be on the plaintiff. But plaintiff confined its evidence to that issue alone. It would be carrying technical rules of pleading to the extreme to say that by filing a general denial plaintiff was estopped to insist upon the failure to verify the answer denying the correctness of the account. Plaintiff merely offered evidence to show that it was a corporation, which the court required it to do. It did not go to trial on the issue of the correctness of the account, and therefore the rule stated in the cases cited has no application.

The second point relied upon by defendant is that plaintiff was not relieved from proving the correctness of the account, because it is insisted that the petition contained no allegation of the correct-

ness of the account. The language of the petition is not aptly chosen. But our code provides that—

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." (Civ. Code, § 117.)

It does not require a very liberal construction of this petition to hold that it alleges the correctness of the account. The petition states that the plaintiff purchased the merchandise at the times, dates and in the amounts and prices set forth and alleged in plaintiff's exhibit A, which is the verified itemized statement of the account. It then states the amount due plaintiff on the account, attached to the petition; and the affidavit of the president states, under oath, that he has read the petition and the statement of the account, and that all statements and items therein are just, true and correct. The defendant selected the ground upon which he saw fit to place his demurrer, which was, that there was no allegation in the petition as to the correctness of the account.

Judgment affirmed.