## No. 24,051.

JAMES W. HEBRLEE, *Appellant.* v. CATHERINE V. HAWLEY, *Appellee.*

SYLLABUS BY THE COURT.

1. JOINDER OF CAUSES OF ACTION—*Services Rendered—Damages for Negligence —Petition Not Demurrable.* The joining of a claim by the plaintiff for compensation for services rendered in the transportation of household goods, with another for damages resulting from the negligence of the owner of the goods in placing or allowing to remain among the goods delivered for transportation combustible matter which ignited during the transfer and started a fire which caused personal injuries and loss of property, affords no reason for sustaining a demurrer, the sole ground of which was that the petition did not allege facts sufficient to constitute a cause of action.

2. ACTION FOR SERVICES—*Negligence of Defendant Prevented Full Performance —Entitled to Compensation.* Compensation for the transportation of the goods cannot be denied to plaintiff because the transportation was not completed, where the completion was prevented by the hindrance and negligence of the defendant.

3. NEGLIGENCE—*Action for Damages—Petition Not Demurrable.* The facts alleged in the petition, stating in general terms that defendant delivered goods to plaintff for transportation in which the defendant had negligently placed or permitted to remain combustable matter that without fault of the

Hebrlee v. Hawley.

plaintiff ignited in the course of the transfer and caused the fire which resulted in injuries to plaintiff and his property, are held to be sufficient to withstand an attack by demurrer which only challenge the sufficiency of the facts.

4. Same—*Petition Attacked by Demurrer—Liberally Construed.* The pleading was subject to challange on the ground of uncertainty and indefiniteness, but no motion of that kind was made; and the only attack being a demurrer for insufficiency of the facts, the allegations of the pleading should be liberally construed.

Appeal from Stafford district court; Daniel A. Banta, *judge...* Opinion filed December 9, 1922. Reversed.

*Paul R. Nagle,* and *Harry T. Gray,* both of St. John, for the appellant.

*H. A. Gaskill,* of Liberal, for appellee.

The opinion of the court was delivered by

Johnston, C. J.: In this action James W. Hebrlee asked a recovery of damages from Catherine V. Hawley for injuries and losses sustained through the negligence of defendant during the transportation of her household goods, and also for compensation for services performed. A demurrer to plaintiff's petition was sustained, from which decision he appeals.

In his petition plaintiff alleged that defendant employed him to transport her household goods from St. John to Liberal, Kan., for which services she agreed to pay him $135. He avers that he loaded the goods in a careful manner and then proceeded on his journey, and when within a mile and a half of Liberal he discovered that the goods were on fire. With the aid of a helper he began removing the goods from the truck and continued the task of saving them and the truck until driven away by the excessive heat. While endeavoring to stop the fire and save the goods and the truck, plaintiff avers that his hand was badly burned, which made it necessary for him to employ a doctor and expend $6 for medical attention and caused him a loss of fourteen days' service of the value of $56. Among the losses due to the fire described in detail in the petition were injuries to his truck, expenses at Liberal, and the loss of a number of articles and accessories belonging to him and used in the transportation which were burned, and also the compensation for the trip which defendant refused to pay, amounting in all to $550. He alleged that the fire originated in a dresser which constituted a part of the load; that the defendant negligently left combustible matter in this

dresser, which became ignited and caused the fire and loss of which plaintiff complains. He states that defendant was negligent in delivering the goods to him without removing matter of a combustible nature from them and on account of this negligence the fire was started and the losses were sustained. He further averred that he used due precaution and diligence in the loading and transporting of the goods and in saving them after discovering the fire, but that the damages sustained were the result of defendant's negligence.

The only question we have to determine is whether the plaintiff stated grounds of recovery in his petition. No attack was made against the pleading because of indefiniteness or that it included an item for compensation for his services with one for losses sustained through the alleged negligence and wrong of the defendant. In ruling upon the demurrer the trial court stated that the allegations were insufficient and were too speculative and uncertain to constitute a cause of action. No brief or argument has been presented here on behalf of the defendant and we are not advised of the particular defect in the pleading upon which the decision of the court was based beyond the statement that the averments were too speculative and uncertain to be the basis of an action.

There can be no question but that plaintiff has set out a cause of action for the services rendered. While the transportation was not completed, the plaintiff alleges that it had been conducted by him without negligence and the fact that he did not reach the terminus was the result of defendant's wrong. Plaintiff cannot be deprived of compensation for the services rendered merely because they were not completed, where performance is prevented by the hindrance and wrong of the defendant. The fact that a recovery for services was joined with one for damages resulting from the negligence of defendant did not warrant the court in sustaining the demurrer, the only ground of which was that the petition did not allege facts sufficient to constitute a cause of action.

It has been held that the fact that more than one ground of recovery is pleaded in an action, or that the grounds are inconsistent with each other, affords no reason for sustaining the demurrer which challenges only the sufficiency of the facts alleged. (*Bichel v. Oliver*, 77 Kan. 696, 95 Pac. 396. See, also *Hisle v. Railway Co.*, 91 Kan. 572, 138 Pac. 610.)

In regard to the claim for damages because of the negligence of defendant, the allegations of the petition, although quite general

Hebrlee v. Hawley.

and in some respects indefinite, appear to be sufficient to withstand an attack by a demurrer. There is nothing speculative or uncertain as to the extent of the injuries sustained or as to the loss of property which resulted from the fire started through the alleged negligence of the defendant. It is distinctly pleaded that the fire occurred by reason of the negligence and wrong of the defendant. That negligence was the placing or permitting to remain in a dresser combustible matter that was ignited and which caused the fire and loss. If the wrongful act or omission of the defendant was the natural or proximate cause of the injury and loss, and one which might reasonably have been anticipated, she is answerable in damages. If the combustible matter left by her in the dresser was of a kind that would easily be ignited by friction or the motion and jolting of the truck in which the goods were transferred, it would then be a question of fact, whether, according to common experience and the attending circumstances, the ignition and burning which happened was reasonably likely to happen and should have been foreseen. As to the peril of leaving combustibles in the dresser, it may be said that all combustible matter is not easily ignited. The exact nature of the combustible in question is not stated, but it is alleged that it was ignited without fault of plaintiff and did cause the fire. One definition of combustible is:

"Capable of undergoing combustion, apt to catch fire, inflammable." (Webster's New International Dictionary.)

Certain combustibles are easily ignited as, for instance, sulphurous matches, powder, and the like, and if the defendant negligently turned over to him for transportation such combustibles in the manner stated she would be responsible for the consequence. If she had left dynamite or other explosives in the dresser without warning plaintiff and an explosion which resulted in injury had followed, she could not have escaped responsibility. (*Clark v. Powder Co.*, 94 Kan. 268, 146 Pac. 320.) In effect, the plaintiff alleged that defendant placed in the hands of the plaintiff a dangerous substance in a situation where it was likely to produce injury and cause destruction of property and the natural consequence followed as the result of the negligence and wrong. Whether the defendant knew or ought to have known of the dangerously combustible character of the material and should have foreseen that the fire and injuries was a natural and probable consequence of the negli-

26—112 Kan.

gence are not specifically pleaded. From the general charge of negligence, however, and the allegation as to the consequence of the negligence, it must be inferred upon a demurrer that the material was dangerously combustible and that defendant knew or should have known that the fire and injury were likely to ensue from her acts and omissions. The petition was open to attack on the ground of indifiniteness as to the negligence of the defendant and the nature or kind of combustible that was put or left in the dresser, but instead of challenging the pleading by such motion the defendant chose to file and stand upon a demurrer, the sole ground of which was that the facts stated did not justify a recovery. In that situation the averments of the pleading are to be liberally construed, and ordinarily mere generality in the allegations of a pleading in a case like this does not require the sustaining of a demurrer. Although not well pleaded, if the essential facts are stated in general terms made up in part of conclusions and no motion is made to make the pleading more definite and certain, a demurrer will not lie. (*McPherson v. Kingsbaker,* 22 Kan. 646; *Bowersox v. Hall.* 73 Kan. 99, 84 Pac. 557; *Gano v. Cunningham,* 88 Kan. 300, 128 Pac. 372; *Balmer v. Long,* 104 Kan. 408, 179 Pac. 371.) Viewed in this light the averments in the petition are deemed to be sufficient as against the demurrer that was filed and sustained.

The judgment is therefore reversed and the cause remanded for further proceedings.