No. 28,831.

Mrs. J. H. Criswell, *Appellee*, v. The Bankers Mortgage Company and C. R. Wilson, *Appellants*.

(278 Pac. 722.)

610

filed July 6, 1929.

R. C. *Postlethwaite, D. H. Postlethwaite,* both of Mankato, and *Nelson J. Ward,* of Belleville, for the appellants.

*Donald Stanley* and *George Teeple,* both of Mankato, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling defendants' demurrer to a petition in which plaintiff sought to recover damages for injuries she sustained in falling down a stairway in defendants' hotel.

Plaintiff's petition alleged that defendants conducted a public hotel in Mankato, and that on January 2, 1928, she was a guest therein and had a room assigned to her. Plaintiff alleged that she was not familiar with the hotel except that she had a general knowledge of the location of her room; that about 8 o'clock in the evening she had to go along a hallway to reach her room, and that this hallway was insufficiently lighted; that near her room was a stairway leading down to a basement, and that the door to the stairway was open and unguarded, with no warning or barrier to apprise her of danger or prevent her making a mistake, and that all of these conditions existed because of the negligence of defendants; and that she set out from the hotel lobby to her room, and—

"While so proceeding, without negligence on her part, she reached the aforesaid opening to the east of said hallway, and there being no barrier, no warning and not sufficient light to apprise her of the true situation and of her danger, or to prevent mistake, she turned east at the said opening and was precipitated down said stairs to the basement of said hotel."

Plaintiff concluded with allegations concerning her injuries for which she prayed damages.

Defendants demurred on the ground that plaintiff's petition did not state a cause of action. This demurrer being overruled, the case is brought here for review; and on the error thus assigned defendants argue the insufficiency of the petition and that it contained allegations of fact which were tantamount to a confession of contributory negligence.

Following the course of defendants' argument, their first point is that there is a statute which makes it the duty of the hotel commissioner (R. S. 36-108) to see to it that every hotel is properly equipped and its premises put in a condition to meet the requirements of the

act governing the conduct of hotels; that the act provides a fine of $5 per day for failure to comply with its terms, and provides for the closing of the hotel if it is not set to rights after a conviction of the hotel keeper; that one section of the act (R. S. 36-110) specifically provides, among other matters, that every hotel shall be properly lighted, and that "such proper lighting shall be construed to apply to both daylight and illumination." The statute (R. S. 36-122) further provides the kind of notice to be served by the hotel commissioner and how service may be made, after which the hotel keeper has thirty days in which to comply with those requirements. From this critical examination of the statute defendants deduce the conclusion that there is no duty resting on the hotel keeper to properly light his hotel until the hotel commissioner has determined what is necessary to be done to bring his lighting facilities up to the standard prescribed by law, and that until he has been served with the statutory notice he cannot be guilty of any possible culpability or legal delinquency until a lapse of thirty days thereafter. The contention is made that aside from the governance of the statute there is no duty resting on the hotel keeper to light his hotel. Furthermore, defendants contend that since the petition did not allege that the hotel commissioner had determined that the hall along which plaintiff walked was insufficiently lighted, or that notice to that effect had been given, and that defendants had failed to meet any requirements of the hotel commissioner, it must be presumed that the lighting facilities of the hotel were adequate under the statute, and consequently the explicit allegation in plaintiff's petition that the hallway along which she had to go was insufficiently lighted must be ignored and disregarded, and that there was no failure to conform to the law and no liability resting on defendants for the injuries sustained by plaintiff.

Many pages of defendants' brief are formulated around the foregoing argument, and while we have taken considerable space to state defendants' contention, and trust we have stated it fairly, we feel impelled to dispose of it by a frank avowal that such argument and contention do not commend themselves to our judgment; that all defendants have to say about the hotel commissioner and his statutory duties and the presumption that he has performed them have no practical bearing on this lawsuit. Plaintiff's petition alleged that the corridor along which she had to pass to reach her room was insufficiently lighted, and the only way for defendants to meet

that allegation is to deny it and let her prove it if she can, or for defendants to prove the contrary if they can, and this proof or disproof will have to come from the lips of witnesses—unless the parties can agree as to the facts. Of course, defendants may, if so advised, admit the truth of plaintiff's allegation that the hallway or corridor near her room and near this open stairway was insufficiently lighted and contend as a matter of law that such insufficient lighting was not negligence; but they cannot by demurrer raise the point that what the plaintiff alleges as a fact cannot be true or that her allegation of fact can be overcome by the whimsical presumption to the contrary advanced by defendants. We do not fail to note that the petition alleged that the hallway was insufficiently lighted "by the circumstances and by the statute . . . R. S. 36-110," but so far as concerns a civil action for damages against a hotel keeper by a guest, based upon the insufficient lighting of the hotel, the statute does no more than declare what most courts would hold to be the rule at common law. Where reasonable diligence for the safety of his guests requires a hallway in a hotel to be lighted and it is not lighted or insufficiently lighted, and a guest is injured in consequence, this court could not escape its duty to define the hotel keeper's duty on the sophistical excuse that the legislature had not spoken on the subject.

Defendants cite cases from other jurisdictions holding a hotel keeper not liable under circumstances not altogether different from those alleged by plaintiff (*Walimaa v. Maki*, 163 Minn. 352, 41 A. L. R. 965, and annotations thereto); but by none of our own analogous cases could it be ruled as a matter of law that plaintiff's petition failed to allege actionable negligence. Whatever refinements may be discovered in particular decisions, the rule is general that wherever men engaged in business invite the public to come upon their premises to patronize them, whether the business be that of hotel keeper, or merchant, or railway carrier or what not, there is a duty resting on the proprietor or manager in control of the business to keep in a reasonably safe condition those portions of his premises where guests or customers may be expected to come and go, and where he fails in that duty and a guest or customer is injured thereby a cause of actionable negligence will arise. This court has held there was actionable negligence where a woman fell down an open stairway in a dimly lighted part of a mercantile establishment (*Reese v. Abeles*, 100 Kan. 518, 164 Pac. 1080),

where a woman stepped into a depression in the grounds of an amusement park (*Needles v. Amusement Co.*, 104 Kan. 716, 150. Pac. 768), where a woman fell from a rickety seat in a circus (*Lewis v. Shows Co.*, 98 Kan. 145, 157 Pac. 397), and where a man seeking employment fell through an unguarded trap door in a factory (*Zeigler v. Manufacturing Co.*, 108 Kan. 589, 196 Pac. 603).

While the analogy between these cases and the one at bar is not extremely close, yet they were governed by the same pertinent rule of law that the party in control of business premises is under a duty to keep them in a reasonably safe condition for guests or customers whom he invites to use them, and that the negligent breach of that duty will subject him to liability in damages.

A case quite similar to the one at bar was *Hayward v. Merrill,* 94 Ill. 349, where plaintiff was a guest at a hotel. To reach his room he had to pass along a hall which was lighted but not brightly. The door of his room was about two and one-half feet from another of the same appearance, behind which was an elevator opening. Plaintiff had some familiarity with the hotel, having theretofore been a guest and occupying the same room. By mistake he opened the wrong door and fell down the elevator opening and was injured. · A judgment in plaintiff's favor based upon the negligence of the hotel keeper was affirmed. In the opinion, the Illinois supreme court, in part, said:

"The proprietor of a hotel to which he invites the public to come, that he may make gains thereby, has no right to permit the existence of such an opening as this one was, unless suitably guarded, that the slightest mistake on the part of the guest might not prove fatal. Had plaintiff been intent on observing the number on the room door he might have discovered the room he wished to enter, but by the merest accident he opened the next door, and this slight inattention was the cause of his severe injuries. The opening ought to have been better protected than it was, and the omission to do so, under the circumstances proven, may well be attributed to defendant as gross negligence." (p. 357.)

An instructive case on the liability of an owner or other person in possession of premises to a person going thereon for a business purpose, or otherwise as an invitee, and who was injured by going through the wrong doorway, was *Downing v. Merchants Nat. Bank,* 192 Ia. 1250, 20 A. L. R. 1138, and annotations. It was there held that in circumstances not substantially different from the case at bar the court could not say as a matter of law that the defendant bank was not negligent, nor hold as a matter. of law that the

plaintiff was guilty of contributory negligence, but that both these questions were for the jury.

Other recent personal-injury cases arising from plaintiffs falling down unguarded stairways or elevator shafts on defendants' business premises, and which were held to present issues requiring the determination of a jury are: *Morganstern v. Sheer,* 145 Md. 208; *Gallagher v. Murphy,* 221 Mass. 363, Ann. Cas. 1917E 594; *Falder v. B. Nugent & Bro. Dry Goods Co.,* [Mo. App.] 251 S. W. 138; *Wiggins v. Pay's Art Store,* 47 S. D. 443, 199 N. W. 122. See, also, 32 C. J. 562, 563; 20 R. C. L. 55 *et seq.*

Appellant also contends that the petition disclosed facts and legitimate inferences deducible therefrom which in legal effect constituted contributory negligence. This is based upon plaintiff's allegations that she "had a general knowledge of the location of her room" and that she received her injuries "at a time when said hallway and said opening therefrom were dark and not protected by proper lights and barriers." It is argued that under such circumstances she was guilty of contributory negligence "for not having sought more light or in proceeding to her room in the dark." Such an argument may have some weight with a jury; but those facts and inferences are certainly not so potent that this court would be justified in holding plaintiff guilty of contributory negligence. When subjected to a general demurrer, a petition is entitled to be favorably and leniently considered. (*Balmer v. Long,* 104 Kan. 408, 179 Pac. 371; *Hebrlee v. Hawley,* 112 Kan. 398, 211 Pac. 129; *McCroskey v. Manufacturing Co.,* 112 Kan. 434, 211 Pac. 133.)

The other matters urged against the trial court's ruling on the demurrer to the petition have been duly noted, but they present nothing requiring further discussion. Whether some of defendants' arguments urged here may be availing when the issues are joined and the evidence is presented to the tribunal qualified to determine issues of disputed fact, we do not decide.

The judgment was correct and it is affirmed.