No. 33,428

IRA CUMMINGS, ORA I. COVERT and LOTTIE BENNETT, *Appellees*, v.
O. A. KEACH, O. A. KEACH as Executor, et al., *Appellants*.

(68 P. 2d 1089)

Opinion filed June 12, 1937.

*C. L. Kagey, Hal M. Black, L. M. Kagey*, all of Wichita, and *John G. Egan*,
of Topeka, for the appellants.

*Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker*,
all of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from the order of the
trial court in overruling a demurrer to the petition.

The action was by three persons who claimed to be relatives and
heirs of Sarah Josephine Dennis, deceased, against her executor and
all the devisees and legatees named in the will, and was to set aside
the will on the ground of undue influence and because she was
mentally incompetent to make a will at the time it was made. The
executor named in the will and appointed as such by the probate
court was also one of the beneficiaries under the will, and he in his
personal capacity and as executor filed a demurrer to the petition
and appeals from the order overruling it. The other defendants filed
pleadings of different kinds, but we are concerned in this appeal with

nothing but the ruling of the court on the demurrer of O. A. Keach and O. A. Keach as executor.

There can be no question that in order to contest a will under G. S. 1935, 22-222, one must be interested or claim to be interested in the estate of the deceased, and it is largely to that point that the demurrer was directed. The extent or share of the interest of the plaintiffs is not important in this case because, so far as we are advised from the record before us, there is no attempt in this proceeding to determine the amount or share of the estate that should go to the plaintiffs or any one of them or others, but the whole purpose of this action is to set aside the will. Regardless of the extent or proportion of the share, any one having or claiming to have an interest in the estate may maintain an action to contest the will and, if the will should be set aside, the matter of the division of the estate will be for subsequent consideration and determination.

The appellant insists that the allegations contained in the petition are insufficient to show that the plaintiffs have an interest in the estate entitling them to contest the will for the reason that their allegations in that regard are purely conclusions of law. The allegations of the petition concerning the interest of the plaintiffs in the estate are found entirely in paragraphs 14 and 15 of the petition, which are as follows:

"14. That said Sarah Josephine Dennis left no husband surviving her, and left no children nor adopted children, nor children of deceased children, nor children of adopted children, nor children of deceased adopted children, and left no father and no mother surviving her, and left surviving her no relatives of blood of any degree of consanguinity other than these plaintiffs and those in class with them.

"15. That plaintiffs and each of them and others in class with these plaintiffs, the identity of which other persons is presently unknown to these plaintiffs, are each and all related by the blood to Sarah Josephine Dennis, and are the true and lawful heirs at law of Sarah Josephine Dennis, deceased, and as such are entitled to inherit and succeed to her property and estate."

Are these allegations conclusions of law? Appellees contend that if they are conclusions at all, they are conclusions of fact. We think these paragraphs contain several allegations which are capable of being considered separately as well as collectively. Appellant presents and argues the insufficiency of some of these allegations separately—for instance, where it is stated that the deceased left no husband surviving her and no children nor adopted children nor children of deceased children or adopted children, but goes no fur-

ther with reference to descendants, whereas there might have been great grandchildren, and plaintiffs do not state whether they are great grandchildren, and if they were such, there would have been no need of referring to ancestors and their descendants. In like manner appellants treat the allegations of the petition as to ancestors and their descendants. The petition alleges she left no father and no mother surviving her, but it does not state anything about grandparents surviving her or that plaintiffs were descendants of parents or grandparents of the deceased. These allegations separately and alone might in all probability cover the question of descendants, but not necessarily nor positively, and might reasonably reach the probable living ancestors, but at most they only eliminated as possible heirs the line of descendants and ancestors to a limited extent, and excluded plaintiffs themselves from both such direct lines.

One clause in paragraph 15 of the petition, when considered by itself, we think comes plainly within the reasoning of the appellant as being a conclusion of law, and that is "that plaintiffs and each of them and others in class with these plaintiffs . . . are the true and lawful heirs at law of Sarah Josephine Dennis, deceased." Our attention has not been directed to any Kansas decision holding that an allegation that one is an heir of a deceased person is a conclusion of law. Many decisions from other states are cited by both parties which differ as to whether it is a conclusion of law or a conclusion of fact. In some of the cases the ruling made was where the question involved hinged indirectly upon the wording of a statute. Without citing these decisions pro and con it may be stated that we think that an allegation of heirship when standing alone is a conclusion of law rather than a conclusion of fact.

This court has held that an allegation that the establishment of a high school was illegal was a pure conclusion of law (*Houser v. Smith*, 80 Kan. 260, 101 Pac. 1001); that an allegation of having exercised due diligence to find a witness was a legal conclusion and not a statement of fact (*McIntyre v. Surety Co.*, 97 Kan. 629, 156 Pac. 690); that an order of an official body was arbitrary, unlawful and unreasonable was a conclusion of law (*Kansas Gas & Electric Co. v. Public Service Com.*, 122 Kan. 462, 251 Pac. 1097); that the defendants willfully and maliciously caused the plaintiff's removal from office, without a statement of the facts upon which the charge was based, raised no issue (*Gundelfinger v. Thiele*, 133

Kan. 31, 298 Pac. 769); and that a mere general averment of fraud and illegality is demurrable for insufficiency (*Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985).

The concluding clause of paragraph 15 is quite similar, if considered apart from other allegations of the paragraph. It is as follows: "That plaintiffs . . . as such are entitled to inherit and succeed to her property and estate."

A clause in the fourteenth paragraph is more general in its scope than either of those concerning the direct descendants or direct ancestors above considered, and that is that the deceased "left surviving her no relatives of blood of any degree of consanguinity other than these plaintiffs and those in class with them." This is surely a statement of fact. It uses no words or terms requiring a legal construction. "Relatives of blood" and "degree of consanguinity" are everyday terms, not complicated in their meaning and as easily understood as sons and daughters or nephews and nieces. It is true, as appellant complains, this language is not definite as to the exact relationship or degree of consanguinity, and if there were possibly any relatives of blood that were of a closer degree of consanguinity than these plaintiffs, the plaintiffs would not have that interest which is necessary under the statute to bring and maintain an action to contest a will. But the above-quoted allegation negatives the leaving of any relatives of blood of a different degree of consanguinity than the plaintiffs.

Another clause of a similar nature is in paragraph 15 as follows: "that plaintiffs and each of them and others in class with these plaintiffs . . . are each and all related by blood to Sarah Josephine Dennis." This alleges a matter of fact, although it might not be complete in itself in that others might be closer related and thus deprive them of that necessary interest in the estate to permit them to contest the will, but the clause in the fourteenth paragraph last above considered excludes by its allegations the possibility of relatives of nearer degree of consanguinity.

It is said in 8 C. J. 1128, "To be of the blood of a person is to be descended from him or from the same common stock or the same couple of ancestors." And it was held in *Kloss v. American Yeomen,* 105 Kan. 711, 185 Pac. 1058, that "An uncle and nephew are blood relatives."

If the two clauses as to being "true and lawful heirs" and being "entitled to inherit" are disregarded or eliminated from the other

allegations in these two paragraphs, there seems to be enough left to show the necessary interest of the plaintiffs by showing them, and those in the class with them, to be the only relatives of blood of any degree of consanguinity the deceased left surviving her.

It is said in 49 C. J. 48:

"Ordinarily a pleading is not rendered wholly insufficient because it contains legal conclusions in addition to the facts which properly belong in it. In other words, the addition of a conclusion of law which may legitimately be drawn from the facts pleaded will not invalidate the pleading. . . . A statement of legal conclusions, together with the facts supporting them, constitutes at most mere surplusage, and is not ground for demurrer, although the pleading is subject to a motion to make more definite and certain, or to strike out the conclusion of law."

It is said in 21 R. C. L. 440:

"It is a well-settled rule that legal conclusions are not to be pleaded, for it is the duty of the courts to declare the conclusions, and of the parties to state the premises. The allegation of a conclusion of law raises no issue, need not be denied, and its truth is not admitted by a demurrer to the complaint containing it; and while such conclusions do not help in any way, and may properly be stricken out on motion, it is equally well settled that a pleading is not rendered insufficient because it contains legal conclusions in addition to the facts which properly belong in it."

In 1 Bancroft's Code Pleading, page 96, it is stated:

"The true rule, it has been said, is that if substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are conclusions of law or are otherwise imperfect, the complaint is not subject to demurrer for insufficiency."

In some of the cases above cited demurrers to the petitions were sustained because the only allegations therein contained were conclusions of law, especially the Houser case, the Ladd case and the Kansas Gas & Electric Co. case. If there were no other allegations than those which appear to be conclusions of law these decisions would require a sustaining of the demurrer, but the remaining allegations we think sufficiently state the interest of the plaintiffs to maintain this action when no motion to make definite and certain has been filed.

It was held in *Downey v. Phillips*, 137 Kan. 362, 20 P. 2d 453:

"Where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made more definite and certain, the allegations of such

petition will be liberally construed in favor of the pleader." (Syl. ¶ 1.) (See the many decisions cited therein.)

There was no motion filed in the case at bar to make the petition definite and certain, and for this reason and because the allegations of the petition, aside from the two clauses regarded as conclusions, stated facts sufficient to entitle plaintiffs to maintain a contest case, we think the demurrer to the petition was properly overruled.

The judgment is affirmed.