No. 35,849

EUDIBEE OWENS, *Appellant,* v. A. B. DEUTCH, doing business as DEUTCH CREDIT FURNITURE & CLOTHING COMPANY, *Appellee* and *Cross-appellant* (ALLIED BOND COLLECTOR'S CORPORATION, Assignee of DEUTCH CREDIT FURNITURE & CLOTHING COMPANY, and ———— McCONNELL, Agent, *Defendants*).

(137 P. 2d 181)

Opinion filed May 8, 1943.

*Ulysses G. Plummer, Jr.,* of Kansas City, argued the cause, and *Theo. R. Gardner,* of Kansas City, was on the briefs for the appellant.

*Elmer E. Martin,* of Kansas City, argued the cause, and *Justus N. Baird,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for having wrongfully, in a suit brought outside the state, garnished funds of the plaintiff due him for personal earnings from a corporation upon which corporation service of a garnishment summons could have been obtained by bringing the garnishment action in the county wherein both the original creditor and the debtor resided.

The petition filed on November 19, 1941, was in substance as follows: Plaintiff is a married man residing with his family, and is a citizen and resident of Wyandotte county, Kansas; defendant A. B. Deutch, doing business as the Deutch Credit Furniture and Clothing Company, resides in and is a citizen and resident of such county and state; plaintiff during the months of August, September and October, 1941, was employed by the Swift Packing Plant which maintained offices in Kansas and Missouri, and had officials in each state upon whom lawful service of summons could be obtained; plaintiff was a resident of Kansas during that time and his contract of employment was entered into and his services were performed in such state; prior to October 1, 1941, plaintiff, for an obligation incurred in Kansas, was indebted to Deutch Credit Furniture and Clothing Company in the sum of $1.75; on or about such date the defendants, A. B. Deutch, and the Allied Bonded Collectors Corporation and one ——— McConnell, who were operating a collecting agency in Missouri, brought a garnishment action in Missouri against plaintiff, wherein they seized wages due him from Swift and Company for the month of September, 1941, for services performed by him as a laborer in Kansas within ninety days prior to that date; that no personal service of summons was had on plaintiff and if any service was had it was by publication.

The petition further alleged the garnishment action was filed willfully and maliciously for the express purpose of defeating plaintiff's right to the protection of the garnishment laws of Kansas and that by reason of the wrongful institution thereof and the

garnishment of his wages which were exempt to him under the laws of Kansas plaintiff, under authority of G. S. 1935, 60-961, was entitled to recover of and from the defendants actual damages in the sum of $1,000, punitive damages in the sum of $3,000, and an attorney's fee in the sum of $500.

A. B. Deutch was the only defendant served with summons and appearing in the court below and hereafter, in the interest of brevity, will be referred to as the defendant.

In due time defendant filed an answer to the petition, later an amended answer, and later still a second amended answer. On April 30, 1942, plaintiff filed his reply to the second amended answer. The substance of such pleadings is of no importance in view of the trial court's ruling presently referred to. The case was docketed for trial at the June, 1942, and the September, 1942, terms of the district court of Wyandotte county, Kansas, but the record does not disclose why it was continued over those terms.

On November 12, 1942, the defendant sought and obtained leave to withdraw his answer and file a motion requiring the plaintiff to elect upon which theory, malicious prosecution or statutory relief, he expected to rely on trial. This motion was duly filed and overruled after plaintiff had stated in open court that the petition was based on G. S. 1935, 60-961. Thereafter, defendant with consent of the trial judge, filed a demurrer to the petition on the ground such petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. This demurrer was sustained on December 3, 1942, and plaintiff was given ten days in which to file an amended petition. Plaintiff did not file an amended petition but appealed from the judgment sustaining the demurrer, and from the order made by the trial court on November 12, 1942, granting defendant permission to withdraw his answer and file the motion to elect hereinbefore referred to.

Subsequently, defendant filed a motion for judgment on the ground the plaintiff had not amended his petition as required by the trial court and that there had been no order of such court staying judgment during the pendency of the appeal from the ruling sustaining the demurrer. This motion was overruled and from that decision defendant appeals.

Appellee's demurrer was filed with permission of the trial court more than a year after the date of the institution of this action and after he had filed three answers to the petition. It was sustained

on the single ground that the petition did not state a cause of action. Appellee now contends the statute of limitations bars appellant's right to relief and that this court should not only affirm the judgment of the lower court in sustaining the demurrer but should direct that judgment be rendered against the appellant, thereby forever depriving him of an opportunity to present this cause upon its merits. Reference to this contention is not intended as a criticism of appellee's counsel who have taken advantage, as they should, of every legal opportunity presented to protect their client's interest but as illustrative of the soundness of the principle responsible for the rule permitting liberal construction of a petition as against a demurrer when no motion has been leveled against it.

The statute upon which appellant bases his claim is G. S. 1935, 60-961, the provisions of which insofar as pertinent to a determination of the issues raised on this appeal are as follows:

"In all cases in which the owner of any matured claim for money due, or any subsequent assignee thereof, shall bring suit thereon in any court outside the state of Kansas wherein the original creditor and debtor were both residents of this state at the time of making the contract and are such residents at the time of the filing of the suit above mentioned, and wherein service is sought to be obtained upon the defendant debtor by the garnishment of the personal earnings of defendant due him from any person, partnership or corporation upon which service of the garnishment summons could at the time have been obtained by bringing the action in the county wherein the debtor resides, the original owner of said claim, or any of his subsequent assignees aforesaid, or all of them, severally or jointly, shall be liable in damages to the debtor so sued without this state in the following items . . .

"The release of garnishment for any reason shall not abate the right of action for damages above created: *Provided,* That the provisions of this act shall not apply to the original owner or a bona fide assignee for value of such claims who has in good faith and for a valuable consideration transferred such claims before suit; but that the burden of proving the good faith of such transfer shall be upon such original owner or assignee: *Provided further,* That this act shall not apply to judgments."

Appellee contends the petition herein set forth in substance was fatally defective in that it failed to allege:

(1) That Deutch was a resident of Kansas when the debt was contracted.

(2) That Deutch was a resident of Kansas when the suit in Missouri was brought.

(3) That Owens, the debtor, was a resident of Kansas when the debt was contracted.

(4) That the claim was not assigned in good faith for a valuable consideration before suit.

(5) That the claim had not been reduced to judgment prior to the bringing of the action in Missouri.

(6) That it failed to plead any damage for which recovery could be had under the statute.

Before disposing of appellee's specific contentions we direct our attention to the provisions of our statute and the authorities having to do with the construction of pleadings generally.

In 41 Am. Jur. 334, § 65, we find the following statement:

"The common-law rule that pleadings are to be construed most strongly against the pleader is abrogated in many jurisdictions by statutory provisions or rules of practice which specifically provide that in the construction of any pleading, for the purpose of determining its effect its allegations should be liberally construed with a view of substantial justice between the parties. Contrary to the common-law rule, under the rule of liberal construction every reasonable intendment and presumption must be made in favor of the pleader, and the pleading must be fatally defective before it will be rejected as insufficient. It being the controlling purpose under the operation of this rule to try all questions on their merits. . . ."

Kansas long ago adopted the statutory rule of liberal construction of pleadings, G. S. 1935, 60-736, reads:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

In construing the statute this court has repeatedly held that where a demurrer is filed to a petition on the ground that it does not state a cause of action, without first presenting a motion to have the allegations of the petition made definite and certain, the allegations of such petition will be liberally construed in favor of the pleader. (*Downey v. Phillips*, 137 Kan. 362, 20 P. 2d 453; *Insurance Co. v. Whitney*, 112 Kan. 145, 210 Pac. 646; *Hebrlee v. Hawley*, 112 Kan. 398, 211 Pac. 129; *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 854, 22 P. 2d 965; *Burris v. Burris*, 140 Kan. 208, 213, 34 P. 2d 976; *Ball v. Oil & Gas Co.*, 113 Kan. 763, 216 Pac. 422; *Balandran v. Compton*, 134 Kan. 542, 546, 7 P. 2d 510; *Cummings v. Keach*, 146 Kan. 157, 68 P. 2d 1089.)

In *Federal Reserve Life Ins. Co. v. Gregory*, 132 Kan. 129, 133, 294 Pac. 859, this court said:

"When no motion is leveled against a petition to make it more definite and certain, the pertinent rule of the code must be obeyed."

In *Kirwin v. McIntosh,* 151 Kan. 289, 292, 98 P. 2d 160, it was held:

"As against demurrer a petition is to be liberally construed, and if the defendant considered the allegations indefinite and uncertain he should have leveled at the petition a motion to make definite and certain. (*Western Mass. Ins. Co. v. Duffy,* 2 Kan. 347; *Burnette v. Elliott,* 72 Kan. 624, 84 Pac. 374; *Gano v. Cunningham,* 88 Kan. 300, 128 Pac. 372; *McCroskey v. Manufacturing Co.,* 112 Kan. 434, 211 Pac. 133.)"

See, also, the following cases, wherein this court has had occasion to give special consideration to incomplete, imperfect and defective allegations in petitions and has determined the sufficiency of each such petition by application of the general rule to the particular factual situation involved, viz.: *McPherson v. Kingsbaker,* 22 Kan. 646; *Bailey v. Dodge,* 28 Kan. 72; *Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *Browning v. Browning,* 89 Kan. 98, 130 Pac. 852; *Roberts v. Pendleton,* 92 Kan. 847, 142 Pac. 289; *Bank v. Gann,* 95 Kan. 237, 148 Pac. 249; *Milling Co. v. Jackson,* 111 Kan. 388, 207 Pac. 751; *Hebrlee v. Hawley,* 112 Kan. 398, 211 Pac. 129, and *Wamberg v. Hart,* 114 Kan. 906, 221 Pac. 547.

Summarizing, it can be said the general rule, and the one recognized in Kansas by all the decisions here cited, is concisely stated in 1 Bancroft's Code Pleading, page 96, as follows:

"The true rule, it has been said, is that if substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are conclusions of law or are otherwise imperfect, the complaint is not subject to demurrer for insufficiency."

A somewhat extended examination of our decisions discloses that this court has not heretofore been called upon to determine the legal sufficiency of a petition filed under the provisions of G. S. 1935, 60-961. Appellant cites *Stark v. Bare,* 39 Kan. 100, 17 Pac. 826, and *Jacobs v. Greening,* 109 Kan. 674, 202 Pac. 72, also, *Anderson et al. v. Canaday,* 37 Okla. 171, 131 Pac. 697, in support of his contention the petition states a cause of action under this statute. In fact the language of the petitions in the Stark case and in the Anderson case is so similar to that of the language in the petition in the instant case we are convinced appellant must have used the form of the petitions in those two cases in drafting his own pleading. However, these cases are not helpful to us in arriving at a determination of our question, for the relief sought in each of them

was predicated upon an entirely different theory from the case at bar.

Appellee strenuously urges that statutes like G. S. 1935, 60-961, are penal in nature and are to be strictly construed, and in support of his contention the demurrer to the petition was properly sustained cites a number of cases enunciating that principle of law. We have no quarrel with the doctrine that penal statutes are to be strictly construed and that nothing may be added to them by inference or intendment. The difficulty we have is in applying that rule here as contended for by appellee. It is a rule of substantive law, not a rule of pleading, and insofar as the legal sufficiency of a pleading is concerned, must give way to the express provision of our code requiring liberal construction of the allegations of all pleadings with a view to substantial justice between the parties.

Other cases cited and relied upon by appellee deal with the principle that one whose authority to prosecute an action is limited by statute must plead facts which bring him within such statutory limitation. None of such cases dispute the general rule that under our code if the substantial facts which constitute a cause of action are stated in a petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of such facts are imperfect, incomplete or defective, the proper mode of correction is not by demurrer but by motion to make the averments more definite and certain.

Conceding, as we must, that the allegations of the petition under consideration fall far short of what is required of a perfect pleading, we have no great difficulty in concluding that the objections made by appellee to appellant's right to maintain the action thereunder are too technical.

The appellant described himself as a married man, residing with his family in Wyandotte county, who owed appellee $1.75 for an indebtedness incurred in Kansas prior to October, 1941. He described the appellee as an individual to whom he was indebted and who also resided in and was a citizen and resident of the same county and state. He also alleged that appellee and the Allied Bonded Collectors Corporation, described as operator of a collection agency, combined and confederated to defeat and defraud his exemption rights as a Kansas citizen by bringing a garnishment action upon the indebtedness in Missouri whereby they took wages earned by

appellant in his capacity as a laborer for Swift and Company, in the state of Kansas, within ninety days prior to the commencement of such garnishment action to his damage in the sum of $1,000. He further refers specifically to G. S. 1935, 60-961, as the statute on which he relies to recover at least a part of the relief prayed for in the petition. We believe this language, when considered along with other language contained in the petition, under the liberal rule of construction that applies in favor of the pleader, as against a general demurrer, where no motion to make definite and certain has been filed, is sufficient to dispose of contentions 1 to 6, inclusive, hereinbefore specifically set forth, and urged by appellee in support of the ruling sustaining the demurrer. It most certainly advises appellee of the nature of appellant's claim to the end he could intelligently make his defense thereto.

The civil code (G. S. 1935, 60-736) requires the allegations of a pleading to be liberally construed, with a view to substantial justice, while to sustain appellee's objections as now made would be to give it a strict and literal interpretation and deprive appellant of substantial justice. We are also required by the same code (G. S. 1935, 60-760), to disregard every error or defect in the pleadings which do not affect the substantial rights of an adverse party. The appellant will be compelled upon a trial to bring himself, by proof, within the statute. If he proves his averments he will entitle himself to maintain the action. If he does not the appellee will have ample opportunity to then seek application of the doctrine of strict construction of a penal statute. Our views as herein expressed impel the conclusion the trial court erred in sustaining the demurrer to the petition.

Appellant insists it was error for the trial court to grant leave to withdraw the second amended answer and file a motion to elect after issues had been joined and the case docketed for trial. Our conclusion as to the propriety of the trial court's ruling on the demurrer makes a determination of that question unnecessary. However, that assignment of error merits some consideration in view of the circumstances of the instant case.

Our statute expressly authorizes an extension of time for the filing of an answer or reply, G. S. 1935, 60-727, reads:

"The court or any judge thereof in vacation may in his discretion, and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this act, or by an order enlarge such time."

In construing the effect of this section this court has held that leave to file out of time motions or demurrers ordinarily rests in the sound discretion of the trial court, and where no abuse of discretion or prejudice resulting therefrom affirmatively appears, such rulings will not be disturbed on appeal. (*Fleming v. Campbell*, 146 Kan. 294, 69 P. 2d 718; *Sheldon v. Board of Education*, 134 Kan. 135, 4 P. 2d 430.) And that this is true even after answer has been filed and the issues joined was decided in the early case of *Brown v. Case*, 9 Kan. App. 685, 59 Pac. 601.

It will be noted the limitation placed on the trial court's power is that there must be no abuse of discretion or prejudice resulting therefrom which affirmatively appears as a result of the ruling. From November 19, 1941, the date of the filing of the petition in this case until what appears to be sometime in April, 1942, appellee filed three different pleadings by way of answer to the petition without at any time leveling any motion against the petition. On April 30, 1942, appellant filed its reply and thereafter on May 22, 1942, and September 4, 1942, praecipes for docketing for trial were filed and the case was actually docketed for trial at the June and September, 1942, terms of court. Leave to withdraw the answer and file a motion to elect was granted on November 12 and ruled on November 19. After that motion had been overruled the appellee was given two days in which to file his demurrer, which date was a year and two days from the day on which the petition was filed and considerably more than a year from the date on which plaintiff's alleged cause of action accrued. We do not attempt to place the responsibility for this unusual procedure and delay on anyone, nor do we attempt, inasmuch as this case is reversed for other reasons, to determine whether there was such an abuse of discretion as to justify a disturbance of the trial court's ruling in this respect. What we do say is that we can conceive of no situation where the trial court, under circumstances similar to those just related, would abuse its discretion by refusing to grant such a motion, thereby requiring the litigants, whoever they might be, to pay such penalty as might result to them from their inaction and delay.

The judgment of the trial court is reversed with instructions to overrule the demurrer to the petition.