No. 36,086

EUDIBEE OWENS, *Appellant,* v. A. B. DEUTCH, doing business as DEUTCH CREDIT FURNITURE & CLOTHING COMPANY, ALLIED BOND COLLECTORS CORPORATION, Assignee of Deutch Credit Furniture & Clothing Company, F. J. McCONNELL, Agent, *Appellees.*

(147 P. 2d 709)

Opinion filed April 8, 1944.

*Ulysses G. Plummer* and *Theo. R. Gardner,* both of Kansas City, argued the cause for the appellant.

*Elmer E. Martin,* of Kansas City, argued the cause, and *Justus N. Baird,* of Kansas City, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action brought under G. S. 1935, 60-961, for damages for wrongful garnishment. The case was here before

(156 Kan. 779, 137 P. 2d 181), where we reversed an order of the trial court which had sustained a demurrer to plaintiff's petition. Thereafter defendant filed an unverified answer, which contained a general denial. The action came on for trial in September, 1943. At the close of plaintiff's evidence defendant filed a demurrer thereto, which was sustained by the court. Plaintiff filed a motion for a new trial, which was considered and overruled. Plaintiff has appealed from both of those rulings.

In our former opinion the statute involved was set out and the pleadings were summarized and the principles of law applicable to the case were discussed. These matters need not be repeated. Reading the evidence abstracted, we think it ample to show that plaintiff and defendant were both residents of this state when the merchandise was purchased and when the garnishment action was brought in Missouri; that defendant had turned the account over to the Allied Bond Collectors, Inc., a Kansas City, Mo., concern, for collection, and that the process of collection employed was by garnishment of plaintiff's wages by an action in Missouri. These matters make out a prima facie case under the statute. The real purpose of the act was to deter the bringing of certain suits in courts outside of the state against a resident of the state in certain cases providing for recovery of damages. (Dassler's Kansas Civil Code, 2d ed., p. 511.) Upon some of the points perhaps the testimony could have been more specific—indeed, some of it was made more specific in an affidavit in support of the motion for a new trial—but even as it stood, when the demurrer was interposed, we think it is fairly summarized above.

Appellee argues that proof of damages was lacking. We think the jury might well have concluded from the evidence before it that plaintiff was entitled to some damages even though it may be said that plaintiff might have made the evidence on those points more definite and complete than was done.

In plaintiff's motion for a new trial complaint was made of the ruling of the court in striking out evidence of the suit in the justice court of Jackson county, Missouri, and refusing to permit the records in that case to be introduced in evidence. Counsel for appellee in his brief says that the abstract does not show any reason for not admitting that evidence. We see no reason why it should not have been admitted. There was other testimony about the garnishment and the payment made to the garnishee, which we

cannot understand from the record the reason for the court excluding from the evidence. However, since the case must be tried again there is no necessity of going into those matters fully, particularly in view of the fact that appellee contends some important parts of the abstract are not before the court. It was error for the trial court to sustain a demurrer to the evidence and overrule the motion for a new trial. Its judgment on those matters is therefore reversed with directions to grant a new trial.