Clifford FORD and Damie Ford, Plaintiffs in Error,

v.

Gardess BURDEN, Defendant in Error.

No. 36274.

Supreme Court of Oklahoma.

Sept. 21, 1954.

Rehearing Denied Oct. 26, 1954.

Application for Leave to File Second Petition for Rehearing Denied Nov. 30, 1954.

B. C. Franklin, Tulsa, for plaintiffs in error.

Amos T. Hall and Hughey Baker, Tulsa, for defendant in error.

O'NEAL, Justice.

Gardess Burden, in her own behalf and in behalf of her five minor children, brought this action to recover damages for the alleged wrongful death of Collie Burden, deceased.

Prior to the 4th day of August, 1952, Gardess Burden and Collie Burden were husband and wife and were the parents of ten children. Collie had been employed for a number of years prior to the date of the accident by Bethlehem Steel Company, located at Tulsa, Oklahoma, and during said period rented and occupied a room in the Taylor Hotel at 304½ North Greenwood in Tusla, Oklahoma. The hotel or rooming house was owned and operated during this period by the defendants, Clifford Ford and Damie Ford. The ground floor of the hotel building was occupied by the Collins Dry Goods and a portion of the ground floor by a cafe. The second and third floors of the building were operated by the defendants as a so-called "rooming house." The rooming house had two main en-

trances; one from the street floor and the other from the rear of the building. A stairway led from the rear or the alley entrance to a second floor porch. A bannister or rail several feet in heighth ran along the stairway and around the porch. On the morning of August 4, 1952, Collie Burden left his room, located on the second floor of the hotel; walked out upon the rear porch and either leaned against or sat upon the bannister of the porch, which broke casting him to the alley ground some fifteen feet below. From the injuries thus received, he died the following day.

It was alleged and supported by proof that the bannister or rail surrounding the stairway and porch had deteriorated and decayed causing it to break.

The defendant, Clifford Ford, as a witness, testified that he had inspected the rear porch, stairway, railings and bannisters every two or three years prior to the accident; but that his last inspection was made approximately two and one-half years prior to August 4, 1952.

Defendants, by their answer, pleaded that plaintiff's deceased contributed to the accident by failing to exercise reasonable care for his own safety and which want of care resulted in the accident and in deceased's death; and in support of their answer assert that as the evidence adduced indicates that the deceased sat upon the bannister, that he was guilty of such negligence as to bar plaintiff's recovery.

■ The trial court in Instruction No. 8 properly submitted to the jury the defense of contributory negligence. The jury's general finding in favor of the plaintiff negatives a finding that plaintiff's deceased negligently contributed to the accident and injury.

We find substantial evidence that the rear porch and steps leading thereto were used daily by defendants' guests in conjunction with other portions of the premises. Defendants, for the convenience of their guests, had placed rockers and chairs upon the porch for their use. These facilities were being occupied by two of defendants' guests who witnessed the accident and testified as to the circumstances thereof.

■ Defendants assert error in the court's Instructions 7 and 10. Criticism of Instruction 7 is lodged upon the ground that the instruction referred to the defendants' business as that of a hotel keeper when, in fact, defendants were conducting a rooming house. Our attention is directed to Title 63 O.S.1951 §§ 331 and 332. Sec. 331 defines a hotel and the right to use the name "hotel" and the privilege to receive a license from the State Board of Health to operate a hotel. Sec. 332 defines a rooming house as consisting of eight or more rooms which are held out to the public as sleeping quarters for transient or permanent guests. This section authorizes the State Commissioner of Health to issue a license to conduct such a rooming house.

Title 63 O.S.1951 § 338 provides penalties for operating a hotel or rooming house without first procuring such a license from the State Board of Health.

The Supreme Court of Kansas, considering a comparable statute, held that the statute regulating hotels and rooming houses requiring inspection and licensing under the police power of the state, have no substantial bearing on the question of alleged negligence or contributory negligence. Criswell v. Bankers' Mortgage Co., 128 Kan. 609, 278 P. 722.

■ We deem it immaterial whether defendants operated a hotel or a rooming house; they were operating a public place where transient or regular guests were offered accommodations and services for pay. The law imposed upon them the duty to keep the stairways, platforms, porches, railings and bannisters thereof in a reasonably safe condition for the ordinary and reasonable use of their tenants. The trial court so advised the jury in its Instruction 10, which instruction in all its substantial elements is comparable to an instruction approved by this court in English v. Thomas, 48 Okl. 247, 149 P. 906, L.R.A. 1916F, 1110.

We have considered other alleged errors and find that they are without substan-

tial merit. The judgment is correct, and it is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.