The Honorable L. Candy Ruff State Representative, 40th District 321 Arch Leavenworth, Kansas 66048
Robert D. Beall Leavenworth City Attorney 117 Cherokee, P.O. Box 69 Leavenworth, Kansas 66048
Dear Representative Ruff and Mr. Beall:
You each request our opinion concerning whether K.S.A. 13-2903 disqualifies the Director of the Leavenworth Parks and Recreation Department from holding that office because his daughter is married to the son of a city commissioner. K.S.A. 13-2903 provides, as follows:
 "The relatives by blood or marriage of the mayor or any commissioner are hereby disqualified from holding any city office during the term for which said mayor or commissioners are elected." (Emphasis added).
In Attorney General Opinion No. 96-46 we concluded that this 1907 statute applies to the City of Leavenworth so the first issue is whether the Director of the Leavenworth Parks and Recreation Department is a relative by marriage of the City Commissioner in question.
One may be related to another by consanguinity, which is through the blood line, or by affinity, which is through marriage. State v. Hooper, 140 Kan. 481, 500
(1934).
 "Affinity is the relation which one spouse, because of the marriage, has to the blood relatives of the other. Degrees of relationship by affinity are computed as are degrees of relationship by consanguinity. The doctrine of affinity grew out of the canonical maxim that marriage makes the husband and wife one. The husband has the same relation, by affinity, to his wife's blood relatives as she has to them by consanguinity, and vice versa. The doctrine, however, . . . never went so far as to hold that a husband (or vice versa wife) became related by affinity to a spouse of a blood relative of the wife. (Citation omitted.) It is true a few cases have so held but the great weight of authority is to the contrary. `Blood relations of the husband and the blood relations of the wife are not related to each other by affinity.'" (Emphasis in original.) 140 Kan. at 501 (1934).
Consequently, while the daughter of the Director of the Leavenworth Parks and Recreation Department is related by marriage to the City Commissioner, her father is not and, therefore, K.S.A. 13-2903 does not preclude the director of the Leavenworth Parks and Recreation Department from holding such office.
You also inquire whether the Director of the Parks and Recreation Department is related by blood to the City Commissioner because they have a grandchild in common (i.e. the child of the Director's daughter and the City Commissioner's son). A blood relationship exists if persons are descended from a common ancestor. Kloss v. Brotherhood of American Yeomen, 105 Kan. 711, 712
(1919). Consanguinity can be either lineal or collateral. 23 Am.Jur.2d Descent Distribution § 52. Lineal consanguinity exists between persons of whom one is descended in a direct line from the other, as between son, father, grandfather and so on in the direct ascending or descending line. Blacks Law Dictionary, P. 275 (5th Ed.). Collateral consanguinity is that which exists between persons who have the same ancestors but who do not descend or ascend from one another. Blacks Law Dictionary, P. 275 (5th Ed.). Thus, a father and son are related by lineal consanguinity and an uncle and nephew are related by collateral consanguinity. While the grandchild is a lineal descendent of both the Director of the Parks and Recreation Department and the City Commissioner, the two grandfathers are not related by consanguinity to each other because they have no common ancestor. Therefore, the Director of the Parks and Recreation Department is not disqualified from holding city office by reason of the common grandchild.
In light of the fact that this issue has been brought to the attention of the Attorney General on at least two prior occasions (see Attorney General Opinions No. 79-99 and 96-46), the governing body of the city may want to consider utilizing its home rule power to charter out of K.S.A. 13-2903 and substitute provisions that identify clearly which relatives by blood or marriage of a mayor or city commissioner are disqualified from holding city office. See K.S.A. 20-311 which addresses the disqualification of a district court judge when an attorney or a party is related by blood or marriage to the judge hearing a matter.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm